THOMAS HAYES, Respondent, *v.* THE BUSH & DENSLOW MANU-
FACTURING Co., Appellant.

(Argued March 9, 1886 ; decided March 23, 1886.)

THE following is the opinion in this action, in full :

" The plaintiff's son, about fifteen years of age, was em-
ployed in the defendant's factory, and while operating a
stamping machine, sustained an injury to one of his fingers
from its being caught between the dies of the machine. This
action was brought to recover damages for the injury. The
right of the plaintiff to recover was presented by the trial
judge to the jury in two aspects : *First,* under the act, chapter
122 of the Laws of 1876, and *second,* on the ground of the
defendant's negligence in permitting the boy to use a defective
machine. The court charged the jury that if they should find
that the business in which the boy was employed was dan-
gerous, and that the plaintiff was not cognizant of the danger
of the employment, and did not consent that the boy should be
set to work with the machine, the defendant was liable under
the statute, irrespective of any question of negligence on its
part ; but that if the jury should find that the employment was
not dangerous, then they were to determine the other ques-
tion, viz. : Whether the machine was defective, and whether,
knowing of the defect, the defendant negligently permitted
the boy to use it, thereby causing the injury. Upon the con-
clusion of the charge the defendant's counsel requested the
court to charge, ' that if the jury believe the employment was
dangerous, and that the defendant used proper precautions by
notice and instruction concerning it, the plaintiff cannot re-
cover.' The court replied : ' I decline to charge that. I
charge on the contrary that if this was dangerous to life and
limb, as I have defined to you, then it comes within the con-
demnation of the statute, and then nothing can protect the
party from liability except the absolute consent of the plain-
tiff.' The record then states, ' defendant excepts.'

" It is conceded that the charge made in response to the re-
quest of the defendant's counsel was erroneous under the

recent decision of this court in *Hickey* v. *Taaffe* (99 N. Y. 204). But the sufficiency of the exception is challenged on the ground that it relates both to the refusal to charge, and to the charge as made, and that the request to charge was properly refused, because it took no account of the alleged negligence of the defendant in permitting a defective machine to be used, which it is claimed would be an affirmative ground of recovery, although proper notice and instruction for the management of the machine had in the first instance been given.

" The doctrine is invoked that where there is a single exception to two propositions, one of which is correct, and the other erroneous, the exception fails as to both. But we think the doctrine is inapplicable to the exception in question.

" The real point intended to be brought by the request to the attention of the court was not that notice and instruction as to the use of the machine would alone necessarily exempt the defendant from the charge of negligence, but that an absence of negligence on the part of the defendant would be a defense to a liability based on the statute, although the employment was dangerous.

" The defendant, in other words, sought to induce the court to modify its charge that the defendant was liable if the employment was dangerous irrespective of negligence. It is plain that the request was so understood by the court, and in response thereto the court reiterated the proposition which it had before charged, that it was wholly immaterial to the maintenance of the action under the statute, what precautions had been taken by the defendant, or whether there was any negligence on its part, provided the dangerous character of the employment was established, and the plaintiff was not privy to the employment. The exception was we think well taken, and the judgment should, therefore, be reversed."

*Theodore F. Hascall* for appellant.

*Charles J. Patterson* for respondent.

ANDREWS, J., reads for reversal and new trial.
All concur.
Judgment reversed.