OSZKOSCIL *v.* EAGLE PENCIL CO.

(*Superior Court of New York City, General Term.* June 28, 1889.)

MASTER AND SERVANT—RISKS OF EMPLOYMENT.

> Plaintiff, a minor, was injured while in defendant's employ, by coming in contact with some of the machinery, which was in full view and in good repair. Plaintiff had been engaged about such machinery for some time. *Held,* that plaintiff, in accepting employment with a knowledge of the character of the machinery, assumed the risks of the employment, and defendant was not liable because it had not specifically instructed plaintiff not to allow her hand to be caught in the machinery.

Appeal from jury term.

Action by Helen Julia Oszkoscil, an infant, by Jacob F. D. Solis, her guardian *ad litem,* against the Eagle Pencil Company, to recover for injuries received by plaintiff while in defendant's employ. After plaintiff had introduced her testimony the suit was dismissed, on defendant's motion. Plaintiff appeals.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Hays & Greenbaum,* for appellant.    *Stine & Calman,* for defendant.

FREEDMAN, J.   No evidence was adduced at the trial of any defect of, want of repair or secret danger in, the machinery complained of.   The machinery appeared to have been in every way suitable and adequate for the purposes for which it was used.   Whatever danger there was, arose from coming into contact with some one of the parts while in motion.   But all the parts of the machinery, and their movements, were fully exposed to view. Under these circumstances, and the plaintiff having been engaged upon said machinery for some time, a specific instruction by the employer to the plaintiff not to permit her hand to be caught between the moving machinery was unnecessary, and the absence of such an instruction constitutes no ground of liability.   An employé, in accepting or continuing in service with a knowledge of the character and position of the machinery, the dangers of which are apparent, and from which he may be liable to receive injury, assumes the risks incident to the employment, and the fact that he is a minor does not change the rule.   Upon the principle laid down and enforced in *Hickey* v. *Taaffe,* 105 N. Y. 36, 12 N. E. Rep. 286, the complaint was properly dismissed.   The judgment should be affirmed, with costs.