(Opinion published 59 N. W. 1048.)

---

WILLIAM H. GROFF *vs.* DULUTH IMPERIAL MILL CO.

Argued July 3, 1894. Affirmed July 23, 1894.

No. 8704.

**Negligence of both the master and servant considered on the evidence.**

*Held,* in an action to recover damages on account of defendant's alleged negligence, that from the evidence it appears either that the plaintiff was guilty of contributory negligence, or that the chances for an injury to be sustained by reason of the alleged defect were so slight and remote that they could not have reasonably been anticipated by defendant.

Appeal by plaintiff, William Groff, from an order of the District Court of St. Louis County, *Charles L. Lewis,* J., made July 26, 1893, denying his motion for a new trial.

On March 9, 1891, the plaintiff was in the service of the defendant, the Duluth Imperial Mill Company, as oiler of its machinery and had been for four months. While in the performance of this duty on that day his clothing was caught by the head of a set screw on the hub of a swiftly revolving pinion and his left arm broken and dislocated and he otherwise injured. He brought this suit to recover damages. After his evidence was all in, defendant asked the Judge to instruct the jury to return a verdict in its favor, claiming that no negligence on its part had been shown, that plaintiff's injuries were caused by his own negligence and that the risk was incident to the employment and assumed by him in entering its service. The Judge granted the request and directed a verdict for defendant. Plaintiff excepted, moved for a new trial and being denied appeals.

*Edson, Edson & Campbell,* for appellant.

Where there is no reasonable chance of drawing different conclusions from the facts, the question is for the court; but where the facts are such that fair minded men of ordinary intelligence may differ as to the inferences to be drawn therefrom, the question of negligence is for the jury. It is only where there is an entire absence of evidence tending to establish negligence that the court can order a nonsuit. *Bennett* v. *Syndicate Ins. Co.,* 39 Minn. 254.

Where the question of contributory negligence is involved, to justify a nonsuit, such negligence must appear so clearly that no construction of the evidence or inference drawn from the facts would warrant a contrary conclusion. *Abbett* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 482; *Craver* v. *Christian,* 34 Minn. 397; *Daley* v. *American Print Co.,* 150 Mass. 77; *Ingerman* v. *Moore,* 90 Cal. 410.

The power to direct a verdict is one that should be sparingly used. *Giermann* v. *St. Paul, M. & M. Ry. Co.,* 42 Minn. 5; *Hart* v. *Hudson R. B. Co.,* 80 N. Y. 623; *Payne* v. *Troy & B. R. Co.,* 83 N. Y. 572.

*Kitchel, Cohen & Shaw,* for respondent.

The defendant owed plaintiff no duty of maintaining upon the pinion in question a set screw projecting not more than an inch. *Rooney* v. *Sewall & D. Cordage Co.,* 161 Mass. 153; *Coombs* v. *New Bedford Cordage Co.,* 102 Mass. 572.

It has been held in many similar cases that the accident was not imputable to negligence of the defendant. *Carey* v. *Boston & M. Railroad,* 158 Mass. 228; *Goodnow* v. *Walpole Emery Mills,* 146 Mass. 261; *Hale* v. *Cheney,* 159 Mass. 268; *Ciriack* v. *Merchants Woolen Co.,* 146 Mass. 182, 151 Mass. 152; *Henry* v. *King Philip Mills,* 155 Mass. 361; *De Souza* v. *Stafford Mills,* 155 Mass. 476; *Rood* v. *Lawrence Mfg. Co.,* 155 Mass. 590; *Crowley* v. *Pacific Mills,* 148 Mass. 228; *Coullard* v. *Tecumseh Mills,* 151 Mass. 85; *Tinkham* v. *Sawyer,* 153 Mass. 485; *Pratt* v. *Prouty,* 153 Mass. 333; *Russell* v. *Tillotson,* 140 Mass. 201.

If the statements of plaintiff's witnesses as to the position of the ladder be true, plaintiff, in attempting to oil the bearings of the

idler from a point so far distant from it, was guilty of contributory negligence.

The plaintiff assumed the risk of working with the machinery in the condition in which it was at the time of the injury.

COLLINS, J. Plaintiff was injured while employed by defendant corporation in its flouring mill, and brought this action for damages, claiming it to have been negligent in its use of a set screw. In the basement of the mill, near to the ceiling, was hung a line of shafting, about 2 inches in diameter, on which was a pinion 8¼ inches in diameter, fastened to the shafting by a set screw, which screw, we have to assume, was longer than was necessary, and for that reason its head improperly projected above the surface of the hub of the pinion. Looking north towards the shafting and the pinion, the cogs of the latter faced to the right, and meshed into corresponding cogs of a large, beveled wheel; thus transmitting power to a conveyor. The set screw was to the left of the cogs, and necessarily in the back of the pinion hub. Two or three feet to the right of the pinion, about 18 inches above and about 12 inches back of the shafting, was an "idler," on which was an oil cup. Plaintiff was oiler of the machinery, and he well knew the location of its various parts, and the distances we have mentioned. At the time of the accident the basement floor was covered with flour barrels,—a common occurrence,—and for the purpose of filling the cup at the idler plaintiff placed a step ladder on four of these barrels. He had partly ascended the ladder when it "teetered," and he was thrown upon the shafting, so that his clothing was caught by the set screw, causing the injuries complained of. It was shown that one leg of the ladder was a trifle shorter than the other three.

Plaintiff testified that when setting the ladder upon the barrels he placed the ladder so that it stood nearer to the idler, the bearings of which he was to oil, than to the pinion, and as near to the former as was convenient for the work he was to do. But from the evidence of other witnesses who testified in his behalf as to the manner in which he was suspended from the machinery, and the position of his feet, when the accident was discovered, it would seem to be established fairly well that the ladder had been placed opposite the pinion, not to its right as claimed, but at a place where

something of an effort would be required to reach the oil cup at the idler from it. But really it makes very little difference in which of these places the ladder was located, for if it was opposite the pinion and large bevel wheel, as some of plaintiff's witnesses stated, and he attempted to ascend it there, and was thrown forward upon the set screw, his own negligence when placing the ladder would prevent a recovery. Prudence would have dictated that the ladder be placed in a safer and more convenient position for performing the work. On the other hand, if the ladder was placed where plaintiff insists, and where it should have been convenient to the idler, the injuries received by plaintiff were not those which were reasonably to be apprehended by defendant. It might have been negligent in permitting the head of the screw to project as it did, but the chances of the injury were so slight and remote that they could not be reasonably anticipated. No one would have supposed that a person while in the proper and natural position to oil the idler could or would be thrown so far to the left, past the cogs of the bevel wheel and the pinion, to the back of the latter, and there be caught on the head of the screw. In fact it is most difficult to understand, assuming the ladder to have been set where plaintiff says it was, or even at the place where his witnesses state it to have been, or between those places, how he fell forward, or to the left side, and escaped the cogs of these wheels. He must in some unaccountable manner have fallen over them, and then descended upon the screw. The accident which resulted to plaintiff might possibly occur to one engaged in an attempt to oil the idler, but it was not the defendant's duty to guard against all possibility of danger to its employés.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 1049.)