### KEATS v. NATIONAL HEELING MACH. CO.

(Circuit Court of Appeals, First Circuit.   January 29, 1895.)

#### No. 92.

1. INJURIES TO SERVANT—NEGLIGENCE OF MASTER—DANGEROUS MACHINERY.

   Employing a set screw on a revolving shaft in the ordinary way is not negligence, making a master liable for injuries to his servant caused by the screw catching the servant's clothing.

**2. SAME—FAILURE TO WARN SERVANT.**

Nor is a master guilty of negligence in not having given warning of danger from such screw to a servant who was a mechanic of mature years, had worked on the premises for some time, and might have performed his work without danger by adopting a different method of reaching it.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was an action by Charles Keats against the National Heeling Machine Company for personal injuries received by him while working for defendant, caused by his clothing being caught by a set screw on a rapidly revolving shaft in defendant's factory. At the trial the court directed the jury to find for defendant, and judgment for defendant was entered on the verdict. Plaintiff brought error.

Samuel A. Fuller, for plaintiff in error.

Darwin E. Ware and James Hewins, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. We do not find in this case any evidence of negligence on the part of the defendant in the construction and arrangement of its premises and machinery. The employment of a set screw upon a revolving shaft, which caused the injury to the plaintiff, was the common and ordinary way in which such shafts were constructed. The defendant was a mechanic of mature years, and had worked on these premises for some time before the accident occurred. It is also shown that he might have performed the work without danger by another method of reaching it, requiring, perhaps, a little more time. Upon this state of facts, we think the defendant had no reasonable cause to believe that the plaintiff would do the work in such a way as to expose himself to danger, and that it was not guilty of negligence in not warning him. The rule laid down in cases where employés are set at work in positions of unusual and concealed danger is not applicable to the present case. In our opinion, there was no evidence of negligence sufficient to support a verdict by the jury for the plaintiff, and the court below committed no error in directing a verdict for the defendant. Judgment affirmed.