(11 Misc. Rep. 546.)

### SCHLIERMANN v. HAMMOND TYPEWRITER CO.

(Superior Court of New York City, General Term. March 4, 1895.)

MASTER AND SERVANT—RISKS ASSUMED.

> Where a boy 18 years old undertook to operate a circular saw after receiving instructions in regard thereto, he assumed the risks incident to reaching over the saw to the belt shifter by which the saw was stopped and started.

Appeal from jury term.

Action by John Schliermann, by guardian, against the Hammond Typewriter Company. From a judgment entered on the direction of the trial judge dismissing the complaint plaintiff appeals. Affirmed.

Argued before SEDGWICK, C. J., and McADAM and BEEKMAN, JJ.

D. A. Spellissy, for appellant.
Benedict & Benedict, for respondent.

McADAM, J. The plaintiff sued to recover $25,000 damages for injuries sustained on August 12, 1891, at the factory of the defendant, in this city, where he was employed to assist in its work. On the day in question, by the direction of the defendant's superintendent, he was working on a milling machine, on which there was a circular saw for cutting material used by the defendant in its business. At the time of the injury the plaintiff was nearly 18 years of age, and had worked in other factories for about 3 years before entering the employ of the defendant; but this was his first experience in a factory such as the defendant's. The plaintiff testified that, the first week he was in the defendant's employ, he worked at winding ribbons. He was then taken upstairs, to the foreman, and put to work on a milling machine, grinding iron used for typewriters. After working for some time at milling, the miller was taken off, and a circular saw, four or five inches in diameter, put in its place. While he operated the machine, he had to draw the carriage to the saw, and draw it back, and reach over the saw to stop the machine by means of a shifter on the far side of the machine, which was used to stop the machine and to make it go. When he wanted to

stop the machine, he pushed the shifter, to throw the belt off. In order to stop or make the machine go, he had to reach directly over the saw, and in trying to stop the machine his sleeve was caught by the saw, and one of his arms drawn in, in consequence of which he was severely injured, was in a hospital over four weeks, and finally the arm had to be taken off. The plaintiff also testified that, when he was put to work on the milling machine, he was instructed in its use; that the superintendent and foreman were there when he commenced to work, and showed him how it was to be done; that they told him to look out, and not hurt himself,—not get against the saw. So that want of instruction and warning cannot be imputed to the defendant, in the effort to prove negligence against it. At the conclusion of the testimony, defendant's counsel moved to dismiss the complaint on the ground that the accident was a risk which the plaintiff assumed when he entered defendant's employ. The motion was granted, and from the judgment entered upon this direction the appeal is taken.

Plaintiff's counsel asked to go to the jury on the question of defendant's negligence; also, on the ground that the defendant did not comply with the provisions of the statute regulating the employment of children in manufacturing establishments. Laws 1886, c. 409. Both of these requests were denied, and the plaintiff insists that the exceptions thereto are well taken.

We think the case was properly disposed of. It has been repeatedly held that when a servant enters upon an employment from its nature hazardous, he assumes the usual risks and perils of the service, where they are apparent to ordinary observation. Liability to accident from the saw was, in this instance, obvious and patent. It was not a concealed or unsuspected danger, but one as well known to the workman as to the employer. When a servant is set to dangerous work, the mere fact of his minority does not render the master liable for the risk, if the servant has sufficient capacity to take care of himself, and knows, and can properly comprehend and appreciate, the risk. Shear. & R. Neg. § 218; Bailey, Mast. Liab. 114, 115. This principle has been reiterated in a number of cases. In Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286, the plaintiff, a young girl between 14 and 15 years of age, was employed in a steam laundry. Her duty was to attend to the ironing of collars and cuffs, by passing them between two heavy iron rollers. No one instructed her as to the danger of getting her fingers caught between the rollers, but the danger was perfectly apparent, and her own testimony showed that she appreciated it. The machine was in no way defective, although, as with the saw here, its use necessarily involved danger. "The duty to furnish safe machinery," says the court, "means, of course, machinery that is safe considering the use for which it is designed, for otherwise very little machinery could be operated. A steam engine may be built in the best manner, of the best material, etc., and yet there is the possible danger, inherent in the nature of the machine itself, as operated by such an element, which may lead to an explosion that could not be foreseen or guarded against." In working on the machine, plaintiff's hand was caught

and crushed, and the court of appeals held that she could not recover, because it was one of the risks incident to the employment which she herself assumed.     Although there had been no instruction given her as to the danger, the court says (page 37, 105 N. Y., and page 286, 12 N. E.):

"She knew, therefore, all that the instructions of the defendant would have imparted to her. This was enough. Being of an age to appreciate, and having full knowledge of, the danger, and at the same time being competent to perform the duty demanded of her, the fact that she was a minor does not alter the general rule of law upon the subject of employés taking upon themselves the risks which are patent and incident to the employment."

See, also, Walsh v. Laundry Co. (Super. N. Y.) 31 N. Y. Supp. 833.

Buckley v. Manufacturing Co., 113 N. Y. 540, 21 N. E. 717, is to the same effect; plaintiff being about 12 years old, but working about a machine whose danger was apparent. "It is idle to say that the plaintiff did not know as well as a grown man that if he placed his fingers between the revolving cogs he would be injured," observes the court.

In Ogley v. Miles, 139 N. Y. 458, 34 N. E. 1059, a boy nearly 16 years of age was put to work upon a buzz saw. He had been at work a couple of days only. He had had some practical experience at other factories, but he was not instructed as to the working and the dangerous character of the buzz saw. The court said that:

"It appeared without contradiction, and from the plaintiff's own evidence, that he knew of the operations of the machine; that he had sufficient experience at other factories to enable him to, and that he did, fully understand its practical working; and he knew that he had to be careful in regard to his hands coming in contact with the saw, for, if they did, he knew they would be badly cut."

And therefore the court held that, "within the cases decided in this court, the plaintiff should have been nonsuited."

To substantially the same effect, see Rikel v. Ferguson (City Ct. Brook.) 5 N. Y. Supp. 774; Oszkoscil v. Pencil Co. (Super. N. Y.) 6 N. Y. Supp. 501; Murphy v. Mairs, 6 N. Y. St. Rep. 42; Reardon v. Card Co., 51 N. Y. Super. Ct. R. 134; Costello v. Judson, 21 Hun, 396; Beatty v. Hessman, 2 City Ct. R. 10; Engine Works v. Randall, 100 Ind. 294; Shanny v. Mills, 66 Me. 420; Sjogren v. Hall, 53 Mich. 274, 18 N. W. 812; Richards v. Rough, 53 Mich. 212, 18 N. W. 785; Sullivan v. Manufacturing Co., 113 Mass. 396; Ciriack v. Woolen Co., 146 Mass. 182, 15 N. E. 579; Gilbert v. Guild, 144 Mass. 601, 12 N. E. 368; Rock v. Indian Orchard Mills, 142 Mass. 522, 8 N. E. 401; Murphy v. Rubber Co., 159 Mass. 266, 34 N. E. 268, and Hale v. Cheney, 159 Mass. 268, 34 N. E. 255.

Upon a given state of facts and circumstances, showing an injury directly due to, and proximately caused by, a failure to observe a statutory duty, it may be held, as matter of law, that the breach of the statutory duty was evidence of negligence. 16 Am. & Eng. Enc. Law, 422, 423. But we find nothing in the act of 1886 (chapter 409), in regard to the employment of children, or in any other statute to which our attention has been called, that imposes any duty to the plaintiff which the defendant neglected to discharge, or which aids the plaintiff, in any manner, in his alleged cause of action. Ryan v.

Buchanan, 37 Hun, 425; Hickey v. Taaffe, 99 N. Y. 204, 1 N. E. 685; Hayes v. Manufacturing Co., 102 N. Y. 648, 5 N. E. 784. If the dangers to which the plaintiff was subject had not been apparent to, and fully understood by, him, or if they had been latent, and he had not been advised of the risks and warned of the dangers, different questions would have been presented. The employment being a lawful one, and the plaintiff having met with an accident which might have befallen any one similarly employed, he cannot cast the consequences of it upon the master, however unfortunate the circumstances may be, or however much they are to be regretted. We find no error, and the judgment entered on the direction must be affirmed, with costs. All concur.