JACOB PRUKE v. SOUTH PARK FOUNDRY & MACHINE COMPANY.[1]

May 21, 1897.

Nos. 10,504—(138).

### Injury to Employe—Evidence of Negligence—Contributory Negligence.

*Held*, in a personal injury case, that the evidence was sufficient as to defendant's negligence, and that this negligence was the cause of the injury, to support the verdict in plaintiff's favor. And, further, that on the evidence the question as to plaintiff's contributory negligence was for the jury.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., refusing a new trial after a verdict for plaintiff. Affirmed.

*Morton Barrows*, for appellant.
*Butts & Jaques*, for respondent.

COLLINS, J. Personal injury action, in which plaintiff had a verdict. On appeal it is claimed that the evidence fails to disclose any negligence on the part of the defendant; that it was not made to appear from the evidence that the negligence alleged was the cause of the injury; and also, if neither of these positions is sustainable, that it was clearly shown that plaintiff was guilty of contributory negligence which would prevent a recovery. We do not feel it necessary to discuss these contentions at any great length. The cause upon all these questions was clearly and fairly submitted to the jury in the charge of the trial court; a charge which seems to have been very satisfactory to the counsel concerned.

[1] Reported in 71 N. W. 276.

1. As to the claim that there was no evidence of defendant's negligence. While attempting to put a belt upon an overhead pulley, plaintiff's coat was caught by the sleeve, and he was pulled up over a line of shafting, receiving the injuries complained of. The pulley was kept in place by a set screw, which fastened the collar of the pulley to the shafting. The head of the screw was not protected or guarded in any way, was a cube one-half inch square, and projecting at least five-eighths of an inch from the shaft, which, at the time of the accident, was making about 150 revolutions to the minute; and it was plaintiff's claim that his sleeve was caught by the screw as he attempted to throw the belt with his left hand from the shaft, on which it loosely hung, to the pulley on which it ran when in use. We quite agree with defendant's counsel that his client was not obliged to guard against all possibility of danger to employes, but cannot acquiesce in the further contention that "the chances of injury were so slight and remote that they could not reasonably be anticipated."

The location of the screw was within two inches of an 8-inch pulley set upon a shaft two and one-half inches in diameter. The belt operated a grindstone on the floor below, about six feet distant, and when heavy pressure was applied to the stone the belt frequently dropped off the pulley onto the shafting, and over the head of the screw. It then became necessary for some one to replace it, and this was usually done by stepping up on a box placed upon a work bench or table, putting one hand in between the pulley and an upright post on which the shafting was suspended, lifting the belt about three inches, and placing it upon the pulley. This was an every-day occurrence, according to the evidence. The defendant had not provided a belt shifter, or any other contrivance, for the purpose of throwing the belt either off or on, and, as before stated, had taken no precautions to guard against or to prevent the clothing of those who necessarily had to lift the belt from the shafting and put it in place from being caught in the head of the screw as the shafting revolved. G. S. 1894, § 2248, had been wholly disregarded. It will be seen that on the facts here the case of Groff v. Duluth, 58 Minn. 333, 59 N. W. 1049, is not in point. The danger could have been averted by the use of a belt shifter, or it could have been largely reduced by countersinking the head of the screw into the collar, or by guarding the place. This

appeared from the evidence. The question of defendant's negligence was for the jury.

2. And so was the question raised by the claim that it did not appear that the negligence above referred to was the cause of the injury. The plaintiff's sleeve was caught as he attempted to lift the loosely hanging belt from the shaft. He was thrown violently up and over the line of shafting, and was unconscious when taken down. He could not state positively that his sleeve was caught by the head of the screw, but there were several things which tended to indicate it. There is no foundation for the claim of defendant's counsel that, as the plaintiff threw the belt upon the pulley, his clothing was drawn in between the two, and the injuries caused in this way, because it was not shown that the belt was placed upon the pulley at all. The plaintiff's testimony was that, as he lifted the belt off the shafting, his sleeve was caught, and there was no proof in the case that he succeeded in putting the belt up onto the pulley. In fact it would seem that he had no opportunity for so doing before he was thrown upon the shafting.

3. Plaintiff had worked for defendant about one year, had frequently used the grindstone, and admitted, when testifying, that he had climbed upon the table and box and had replaced the belt more than 50 times before the day of the accident. He further testified that he never saw the screw, and did not know it was there until he was injured. The jury had a right to believe his statement, especially in view of the fact that several of the witnesses, other employes in defendant's shop, had never discovered it, although they had been employed about the shop as machinists for a greater length of time than had the plaintiff. It is true that he should have been ordinarily observant while working in connection with machinery always more or less dangerous, but when we find that one of the witnesses, who had worked in this shop several years, testified that the screw could not be easily seen from the floor, and that one would have to look in order to discover it, we cannot say, as a matter of law, that plaintiff should have noticed it, and must be held to the consequences if he did not. If he had no actual knowledge of the danger that threatened him, and if in the exercise of ordinary care under the circumstances he would not have apprehended the danger in time to have

avoided it, he is not to be charged with contributory negligence. This question was also for the jury.

4. We have not considered the claim of counsel that the court, by means of a portion of its charge, changed a ruling which it had previously made on the trial, and thus prejudiced the defendant's cause, for two reasons: First, no exception was taken to the charge, nor was the attention of the court called to what counsel now claims was prejudicial; second, there is no sufficient assignment of error to cover the point.

Order affirmed.