EDWARD W. ARKLAND *vs.* TABER-PRANG ART COMPANY.

Hampden.   September 23, 1903. — October 20, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence*, Employer's liability.

In an action by a workman in a picture frame factory against his employer, for the loss of his arm cut by a band saw, it appeared, that the plaintiff was twenty-seven years of age, had worked for six years about wood working machines, and knew what a band saw was, although he had never worked on one, that, on the first day of his employment by the defendant, by direction of the foreman he had marked out some patterns on wood and had taken them to the man who was working the band saw, when in laying them down on the table, through which the band saw passed, his arm came in contact with it, and he was injured. *Held*, that the danger of getting hurt if he came in contact with the band saw was a risk incident to the plaintiff's employment which he assumed, and that the defendant owed the plaintiff no duty to guard the saw or to change its position, and had no reason to suppose that the plaintiff needed any warning or instruction in regard to it. *Semble*, that the plaintiff was not in the exercise of due care.

TORT by a workman in a picture frame factory for the loss of his arm by coming in contact with a band saw, with counts respectively alleging failure to furnish the plaintiff with a safe and suitable place to work, failure to warn the plaintiff of the dangers of his employment, negligence of the defendant's superintendent, and a defect in the defendant's ways, works and machinery.   Writ dated August 26, 1901.

In the Superior Court the case was tried before *Fox*, J.   At the close of the plaintiff's evidence, the judge ruled that there was no evidence on which the case should be submitted to the jury, and ordered a verdict for the defendant.   The plaintiff alleged exceptions.

The band saw in this case consisted of an endless steel band from one quarter to three eighths of an inch wide, having saw teeth on one edge, running over two large wheels, one some distance above the working table and the other beneath it, the band passing through a slot in the table.

*A. L. Green*, for the plaintiff.

*W. Hamilton*, (*W. H. Brooks* with him,) for the defendant.

MORTON, J.   This is an action for personal injuries, the loss
of an arm, while in the defendant's employ.   At the close of the
plaintiff's evidence the judge directed a verdict for the defendant,
and the case is here on exceptions to this ruling.   Exceptions
were also taken to the exclusion of certain questions, but they
have not been pressed and we therefore treat them as waived.
We think that the ruling was right.

The plaintiff entered the defendant's employ on the morning
of the day on which he was injured.   He was set to work on a
machine called a shaper, shaping picture frames.   This machine
was situated near a band saw.   He finished that job and was
then told by the foreman to mark out some patterns on wood
and when he had marked out the required number was directed
by the foreman to take them to a Mr. Sanderson who was work-
ing at the band saw.   He did so and in some way in laying them
down on the table of the band saw, his arm came in contact with
the band saw and he received the injury complained of.   He was
twenty-seven years of age and testified on direct examination
that he "had worked around wood-working machines, shapers,
and so on" and on cross-examination that he "had worked about
wood-working machinery about six years in all."   He knew what
a band saw was though he had never worked on one, and was
not familiar with band saws.

When the plaintiff entered the defendant's employ he assumed
the obvious risks incident to it, and the danger of getting hurt
if he came in contact with the band saw was one of them.   The
defendant owed him no duty to fence or guard the band saw, or
to change its position with reference to that of the shaper on
which he was set to work.   *Stuart* v. *West End Street Railway*,
163 Mass. 391.   *Hale* v. *Cheney*, 159 Mass. 268.   The defend-
ant had no reason to suppose that the plaintiff needed any warn-
ing or instruction in reference to the danger of injury from
coming in contact with the band saw and therefore was not
negligent in failing to warn the plaintiff of the danger.   For
aught that appears the plaintiff was at least of average intelli-
gence, and, as he told the defendant's superintendent, had worked
about wood-working machines, shapers and so on though he had
never operated a band saw.   He was an experienced workman
who had been employed amongst wood-working machinery and

there was nothing in his previous history or age to show the defendant that he required any warning or instruction in regard to the band saw.  Sanderson was at work at the band saw when the plaintiff laid down the patterns on the table, and the accident would seem to have been due to inattention on the plaintiff's part to the proximity of the saw ; in other words to a want of due care on his part.

The result is that the exceptions must be overruled.

*So ordered.*