## COLUMBIA BOX & LUMBER CO. v. DROWN.

(Circuit Court of Appeals, Ninth Circuit.   October 14, 1907.)

### No. 1,428.

**1. NEGLIGENCE—DANGEROUS MACHINERY—ACTION FOR INJURY.**

Plaintiff was working for a contractor who was installing a sprinkler system in defendant's mill, and while he was making a pipe connection, standing with one foot on a ladder and the other against a post, astride a revolving shaft, his clothing was caught by a set screw which projected from a safety collar on the shaft, and he was thrown to the floor and injured. It was shown that, by erecting a platform on which to stand, plaintiff could have done the work in safely, and also that the shaft would have been stopped if required. There was also testimony that the purpose of the safety collar was to protect a person working near from coming in contact with the set screw, and that, if the latter was properly adjusted to the collar, there was no danger from it; also that, while plaintiff saw the collar and knew that it contained a set screw, he did not know that the latter projected. *Held*, that upon such evidence the questions of defendant's negligence, plaintiff's contributory negligence, and his assumption of the risk were all properly submitted to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 279.]

**2. SAME—WHEN QUESTION FOR JURY.**

Where reasonable men might draw different conclusions from the undisputed evidence, the question of negligence or contributory negligence is one of fact for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 290, 291, 295.]

**3. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

Error in permitting a witness to state a conclusion is without prejudice where he had previously stated the facts on which it was based.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4162.]

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

John T. Welch, Martin C. Welch, and Frank H. Kelley, for plaintiff in error.

Boyle & Warburton, Richard W. Ruffin, and E. B. Brockway, for defendant in error.

Before GILBERT, Circuit Judge, and DE HAVEN and HUNT, District Judges.

DE HAVEN, District Judge. This action was brought by the plaintiff to recover damages alleged to have been sustained by him while working in a mill operated by the defendant. The complaint alleges that plaintiff was in the mill by invitation of the defendant, in the performance of certain work which defendant was having done, and that the place where plaintiff was working was unsafe and dangerous by reason of a set screw which projected from a safety collar upon a revolving shaft. The answer denies that the place where plaintiff worked was rendered unsafe or dangerous by reason of the set screw referred to in the complaint, and alleges, first, that plaintiff was injured by reason of his own carelessness, and, as a further defense, that he knew of the location and character of the set screw, and could have chosen a place to do his work where he would not have been in any danger of coming in contact with it, and that, with full knowledge and appreciation of the danger incident thereto, the plaintiff assumed the risk of working in the place where he was injured. When the evidence was closed, the defendant moved the court to direct the jury to find a verdict in its favor. The motion was denied, and the case submitted to the jury, which returned a verdict for the plaintiff for $3,500, and judgment was thereupon rendered in his favor for that sum. The case is brought here by the defendant upon writ of error.

It appears from the evidence that, at the time the injury was received by plaintiff, he was working for one Wellington, who was installing a sprinkler system in the defendant's mill, as an independent contractor. The plaintiff had had experience in installing similar plants in mills, and knew the ordinary dangers attendant upon working near machinery while in motion; and had been engaged in this work in defendant's mill for two months prior to the accident. The mill was in operation, and the plaintiff was in the act of changing a riser pipe which ran through the second floor of the mill. This pipe was to connect at right angles with the main line of pipe, and 7½ feet above the lower floor there was a shaft which served to operate a waste conveyor, which could have been stopped without interfering materially with the operation of the mill. While engaged in changing the riser pipe, the plaintiff came in contact with a set screw which projected from one-fourth to five-eighths of and inch from the safety collar on the shaft just referred to. The plaintiff had observed ·the safety collar, and knew that it contained a set screw, but did not know that it projected from the safety collar, and the plaintiff testified that the purpose of a safety collar is to protect a person while working near a set screw from coming in contact with it, and that, when the set screw is properly adjusted to a safety collar, there is no danger in working close to it. In attempting to put the riser pipe in position,

plaintiff placed a ladder against the main line of pipe, with brads in the foot to hold it from slipping. He then mounted the ladder and stood thereon with one foot, the other braced against a post nearby, the revolving shaft between his legs, and the safety collar with its set screw behind him. He then applied a pair of tongs and a wrench to the riser pipe, to get it in place, and, while in the position described, in making turns with the wrench, one leg of his trousers caught on the set screw, and he was thrown to the floor and received the injuries of which he complains. The accident happened in the morning, and the place where plaintiff was working was sufficiently lighted. Wellington and his employés, of whom the plaintiff was one, furnished their own tools, chose for themselves the time and manner in which the installation work should be done, and plaintiff knew the machinery would be stopped at any time in order to facilitate the work of installation, if such action were requested. There was also evidence tending to show that the way in which plaintiff attempted to do the work in which he was engaged was not safe; that by erecting a suitable platform on which to stand instead of using a ladder plaintiff could have performed his work with safety, and also that he could have put the riser pipe in position by working on the farther side of the main line of pipe, without danger of being caught by the set screw. There was also evidence tending to show that the set screw could be easily seen when the shaft was revolving; and there was some evidence to the effect that there is but little danger in working about a set screw, if its head is sunk into a safety collar, and that it was not necessary for the plaintiff to put up staging for the purpose of installing the riser pipe.

1. The refusal of the court to direct the jury to return a verdict for the defendant is assigned as error, and, in support of this assignment, it is argued here that the evidence does not show that plaintiff in error was guilty of negligence in permitting the projecting set screw on the shaft, where plaintiff was injured; second, that it appears from the evidence that plaintiff was guilty of contributory negligence in attempting to place the riser pipe in place while the shaft was in motion, and without erecting a platform upon which to stand when working; third, that the danger of coming in contact with the revolving shaft, in adjusting the riser pipe in the manner attempted by plaintiff, was open and apparent to any person, and, in choosing to work close to the shaft while it was in motion, the plaintiff must be held to have assumed the risk of the danger attending such work. These contentions have been very strongly urged by counsel for the plaintiff in error, but in our opinion all of them, in view of the evidence above stated, were properly submitted to the jury for decision. The rule is:

"When the evidence is conflicting, or when reasonable men might differ as to the inferences which ought to be drawn from the undisputed evidence, the question of negligence or contributory negligence is not one of law, but of fact." Davies v. Oceanic Steamship Co., 89 Cal. 286, 26 Pac. 827.

And in section 53, Shearman & Redfield on the Law of Negligence, it is said:

"There are no abstract rules defining so clearly the duties of men, under all circumstances, that the court can state them without passing upon any question of fact. The extent of the defendant's duty is to be, determined by a consideration of all of the surrounding circumstances. The law imposes duties upon men according to the circumstances in which they are called to act. And, although the law defines that duty, the question whether the circumstances exist which impose that duty upon a particular person is one of fact. In very many cases the law gives no better definition of negligence than the want of such care as men of ordinary prudence or good men of business would use under similar circumstances."

Negligence is defined in Cooley on Torts, p. 630, as:

"The failure to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other suffers injury."

In considering whether the evidence was sufficient to warrant the court in submitting to the jury the question of defendant's alleged negligence, it must be remembered that plaintiff was in defendant's mill by its invitation and for its benefit, and, this being so, the defendant owed to the plaintiff the duty of providing a reasonably safe place for him to work; the duty of not negligently exposing him to a danger which was not apparent, and which therefore ordinary care would not require him to guard against. There are cases, it is true, in which it has been held as matter of law that it is not negligence for a master to have in his mill or factory an unguarded set screw. Hale v. Cheney, 159 Mass. 268, 34 N. E. 255; Rooney v. Sewall & Day Cordage Co., 161 Mass. 153, 36 N. E. 789; Keats v. National Heeling Mach. Co., 65 Fed. 940, 13 C. C. A. 221; Goodnow v. Walpole Emery Mills, 146 Mass. 261, 15 N. E. 576; Dillon v. National Coal Tar Co., 181 N. Y. 215, 73 N. E. 978; Ford v. Mt. Tom Sulphate Pulp Co., 172 Mass. 544, 52 N. E. 1065, 48 L. R. A. 96. But we think the better rule is that the question whether there is or is not negligence in the maintenance of such a screw, or in allowing dangerous machinery to remain unguarded, is one of fact to be determined by the jury; except when, upon the case presented, it is seen that by reason of the particular location of the projecting screw, or unguarded machinery, with reference to the place where the duties of the plaintiff required him to be, but one conclusion could be reached by reasonable men as to the fact, then the court may take the question from the jury and determine it as matter of law. Powalske v. Cream City Brick Co., 110 Wis. 461, 86 N. W. 153; Homestake Min. Co. v. Fullerton, 69 Fed. 923, 16 C. C. A. 545; Pruke v. South Park Foundry Mach. Co., 68 Minn. 305, 71 N. W. 276; Glens Falls Portland Cement Co. v. Travellers' Insurance Co., 162 N. Y. 399, 56 N. E. 897; Guinard v. Knapp-Stout & Co. Company, 95 Wis. 482, 70 N. W. 671.

Now, the fact appearing in the case before us that the screw was so far above the floor as not to endanger employés of defendant when attending to their ordinary duties in the mill is not conclusive upon the question of defendant's alleged negligence, because plaintiff's duty required him to work near the projecting set screw, and, if it be true, as testified to by some of the witnesses, that he would have been in no danger if it had been protected, then it certainly was a question of fact whether in the exercise of ordinary care the defendant ought not to

have so protected the screw that one whose duties required him to work near it would not, if himself exercising proper care, have come in contact with it. Was the danger of such contact one so remote that a reasonably prudent man would not have ˙thought it necessary to guard against it? This was a pure question of fact for the jury.

And so upon the question of plaintiff's alleged contributory negligence. Assuming the plaintiff's evidence to be true that he did not know of the presence of the projecting screw, that he did not think it projected, because of the safety collar on the shaft, that the manner in which he was working was not dangerous, if the screw had been properly set in the safety collar, then certainly it cannot be held as matter of law that he was negligent in working in the way he did, without taking other precautions against accident. Some men might conclude that he ought to have erected a platform or caused the mill to have been stopped while he was engaged in putting the riser pipe in position, and it may be conceded that a very careful man would have done so; but it was peculiarly a question for the jury to say whether a man of ordinary prudence would under the circumstances testified to by plaintiff, or in view of the conditions as they appeared to him, have deemed it necessary for his safety that the mill should be stopped, or that a platform should be constructed upon which he could stand while endeavoring to put the pipe in place. Nor can it be said that the plaintiff voluntarily assumed the risk of the injury he sustained, unless he knew, or by the exercise of reasonable care might have known, of the existence of the projecting screw, and whether he did know, or ought to have had this knowledge, was a question of fact upon the evidence, and properly submitted to the jury.

2. The plaintiff, when under examination as a witness, was asked the following question:

"If one observed a safety collar on a revolving shaft, state whether or not he would have a right to assume that the safety collar properly protected the set screw?"

This was objected to "as leading and asking for a conclusion of the witness, and invading the province of the jury." The objection was overruled, and the question was answered in the affirmative. The action of the court in overruling the objection to the above question is assigned as error. The objection ought to have been sustained, but it is clear from the record that the error was without prejudice to the defendant. The witness had theretofore testified:

"The purpose of a safety collar is to protect a set screw from catching in any one's clothing, or catching any part of the person working around a place of that kind. That is where it gets its name, safety collar. The purpose of the safety collar is to protect a party from coming in contact with a set screw."

The witness having thus testified concerning the office of a safety collar, the defendant was not prejudiced by the further statement of the conclusion or opinion of the witness that one acquainted with machinery and knowing the purpose of safety collars, seeing one on a revolving shaft, would have the right to assume that it protected a set screw. "If the statement of inference, conclusion, or judgment

is accompanied by an enumeration of the facts on which it is based, the error, if any, is usually harmless, as the jury can estimate the true probative value of the statement." 17 Cyc. 60. In Langworthy v. Township of Green, 88 Mich. 207, 50 N. W. 130, in holding that it was not prejudicial error to permit a witness to testify that he was driving as carefully as a man could at the time when he was thrown from a wagon, the court said:

"The rule is that, where the court or jury can make their own deductions, they shall not be made by those testifying; but where the witness gives fully and succinctly, as in this instance, the facts upon which he bases that conclusion, there is no presumption of prejudice."

3. There is no conflict between the general verdict and the special findings of the jury. The finding that the plaintiff would not have been injured, if the shaft had not been revolving, is the statement of a self-evident fact, but it does not follow therefrom that the plaintiff failed to exercise ordinary care in attempting to adjust the riser pipe without having the machinery stopped; nor is the other finding, that the plaintiff in error would have stopped the machinery if he had been requested, equivalent to a finding that it was not guilty of negligence in permitting the screw to project from the safety collar.

4. Numerous errors are assigned in relation to instructions given, and the refusal to give certain instructions requested. These assignments do not require discussion, and it is sufficient to say, that the case was fully and fairly submitted to the jury by the instructions given, and no error was committed by the court in refusing to give other instructions requested by the defendant.

Judgment affirmed.