Points Decided.

(January 9, 1918.)

# WILLIAM CARR, Appellant, v. WALLACE LAUNDRY COMPANY, a Corporation, Respondent.

[170 Pac. 107.]

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INVITEE—DUTY TO WARN OF HIDDEN DANGER—QUESTION' FOR THE JURY.

1. As between the proprietor of the premises and the employee of an independent contractor doing work thereon, the employee is an invitee upon the premises.

2. A person who invites another to come on his premises upon a business in which both are concerned is bound to take care that his premises and all appliances provided by the owner as incident to the use of his premises are safe for that other person to come upon and use them as required, or else to give due warning of any danger to be avoided.

3. Where an invitee upon the premises has been injured by an unguarded set screw protruding from a revolving shaft, it becomes a question for the jury to say, as a matter of fact, whether the proprietor of the premises has been reasonably diligent to provide a safe place for the invitee to do his work.

4. Where an invitee upon the premises was not warned of the existence of an unguarded protruding set-screw upon a revolving shaft, and was injured thereby, it cannot be said, as a matter of law, that he was guilty of contributory negligence in the absence of knowledge of the existence of the set-screw, or unless as a reasonably prudent person he should have known of its existence.

5. Negligence and contributory negligence involve mixed questions of law and fact, but where, under the facts of the case, the minds of reasonable men might differ as to the existence of negligence or contributory negligence, they are questions for the jury.

[As to the distinction between licensee and invitee, see note in Ann. Cas. 1913C, 570.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action for damages for negligence resulting in personal injury to invitee. Judgment for defendant upon a directed verdict. *Reversed.*

John P. Gray, James A. Wayne and Therrett Towles, for Appellant.

Plaintiff was rightfully upon the premises by invitation of defendant, it was the duty of defendant to provide the plaintiff with a reasonably safe place to work, and to provide him with reasonable protection against the consequences of hidden or concealed dangers known to the defendant. (*Gagnon v. St. Maries Light & Power Co.*, 26 Ida. 87, 141 Pac. 88; *Bennett v. Louisville & Nashville R. R. Co.*, 102 U. S. 577, 26 L. ed. 235; Cooley on Torts, 604–607; *New York Lubricating Oil Co. v. Pusey*, 211 Fed. 622, 129 C. C. A. 88, *Liebold v. Green*, 69 Ill. App. 527.)

Ordinarily it is for the jury to decide whether it is or is not negligence to operate machinery in which are revolving shafts, couplings and like contrivances held in place by unguarded protruding set-screws. (*Prattville Cotton Mills Co. v. McKinney*, 178 Ala. 554, 59 So. 498; *York Lumber Co. v. Dexter*, 114 Ark. 573, 169 S. W. 315; *Schellin v. North Alaska Salmon Co.*, 167 Cal. 103, 138 Pac. 723; *Halpin v. National Safe Deposit Co.*, 184 Ill. App. 13; *Gunther-Wright Mach. Co. v. Lancaster*, 145 Ky. 78, 140 S. W. 58; *Barr v. Guelph Patent Cask Co.*, 129 Mich. 278, 88 N. W. 640; *Pruke v. South Park Foundry Mach. Co.*, 68 Minn. 305, 71 N. W. 276; *Dowling v. Allen*, 74 Mo. 13, 41 Am. Rep. 298; *Lobban v. Wabash Ry. Co.*, 159 Mo. App. 464, 141 S. W. 440; *Eplee v. Southern R. Co.*, 155 N. C. 293, 71 S. E. 325; *Roth v. Northern Pac. Lumbering Co.*, 18 Or. 205, 22 Pac. 842; *Planters' Oil Co. v. Keebler* (Tex. Civ.), 170 S. W. 120; *Ockey v. Bingham-New Haven Copper & Gold Min. Co.*, 47 Utah, 315, 154 Pac. 586; *Bush v. Independent Mill Co.*, 54 Wash. 212, 103 Pac. 45; *Olson v. Seldovia Salmon Co.*, 88 Wash. 225, 152 Pac. 1033; *Janiak v. Milwaukee Western Fuel Co.*, 156 Wis. 544, 146 N. W. 788; *Mountain Copper Co. v. Pierce*, 136 Fed. 150, 69 C. C. A. 148; 4 Commentaries on the Law of Negligence, sec. 4022; *Columbia Box & Lumber Co. v. Drown*, 156 Fed. 459, 84 C. C. A. 269.)

Where upon all the facts and circumstances there is a reasonable chance or likelihood of the conclusions of reasonable men differing, the question is one for the jury. (*Fleenor v. Oregon Short Line R. R. Co.*, 16 Ida. 781, 102 Pac. 897; *Wheeler v. Oregon R. & Nav. Co.*, 16 Ida. 375, 102 Pac. 347; *Adams v. Bunker Hill etc. Min. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Tucker v. Palmberg*, 28 Ida. 693, 155 Pac. 981.)

Contributory negligence is not imputable to a person for failing to look for danger, when, under the surrounding circumstances, the person sought to be charged with it had no reason to suspect that danger was to be apprehended. (*Langan v. St. Louis etc. R. Co.*, 72 Mo. 392; *Moulton v. Aldrich*, 28 Kan. 300; *Missouri Pac. Ry. Co. v. Johnson*, 69 Kan. 721, 77 Pac. 576; *Greenleaf v. Dubuque & S. C. R. Co.*, 33 Iowa, 52; *Baldwin v. St. Louis K. & N. W. Ry. Co.*, 63 Iowa, 210, 18 N. W. 884; *New York Lubricating Oil Co. v. Pusey, supra; National Life Ins. Co. v. McKenna*, 226 Fed. 165, 141 C. C. A. 163.)

Contributory negligence is a matter for the jury. (*Staab v. Rocky Mountain Bell Tel. Co.*, 23 Ida. 314, 129 Pac. 1078; *Jones v. National Laundry Co.*, 66 Or. 218, 133 Pac. 1178; *Washington & G. R. Co. v. McDade*, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. ed. 235.)

Walter H. Hanson and W. H. Plummer, for Respondent.

The conduct of plaintiff, as indicated by his own testimony, shows that he failed to exercise ordinary care for his own safety.

"If the evidence is such that but one conclusion can be reached, then the question becomes one of law." (*Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465; *Bundy v. Union Iron Works*, 46 Wash. 231, 89 Pac. 545; *Day v. Cleveland C. C. & St. L. Ry. Co.*, 137 Ind. 206, 36 N. E. 854.)

"If a servant voluntarily and unnecessarily puts himself into a dangerous position, where there are other positions which he may take, in connection with the discharge of his duties, which are safe, or reasonably so, he cannot recover

damages for an injury contributed to by his negligence in so doing." (26 Cyc. 1249; *Vicksburg Mfg. Co. v. Vaughn* (Miss.), 27 So. 599; *Choctaw O. & G. R. Co. v. Stalling,* 70 Ark. 603, 70 S. W. 303; *Kennedy v. Merrimack Pav. Co.,* 185 Mass. 442, 70 N. E. 437; *Glassheim v. New York Economical Printing Co.,* 13 Misc. Rep. 174, 34 N. Y. Supp. 69; *Quirouet v. Alabama G. S. R. Co.,* 111 Ga. 315, 36 S. E. 599; *Southern Ry. Co. v. Harbin,* 110 Ga. 808, 36 S. E. 218; *Coyle v. Pittsburg, C. C. & St. L. Ry. Co.,* 155 Ind. 429, 58 N. E. 545; *Haynes v. Fort Dodge & O. R. Co.,* 118 Iowa, 393, 92 N. W. 57; *Jenkins v. Maginnis Cotton Mills,* 51 La. Ann. 1011, 25 So. 643; *Washington & G. R. Co. v. McDade,* 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. ed. 235.)

RICE, J.—This action was instituted by the appellant to recover damages for personal injuries received by coming in contact with a protruding unguarded set-screw on the main driving shaft of respondent's laundry. At the close of appellant's testimony, the respondent moved for a nonsuit, which motion was denied. At the close of the respondent's evidence the motion for nonsuit was renewed and motion made that the jury be instructed to return a verdict in favor of the defendant. The latter motion was granted by the trial court, and the jury returned a verdict in favor of the defendant. Judgment was entered accordingly, from which judgment this appeal is prosecuted.

The appellant was a servant of a contracting painter who had been employed to paint the interior of respondent's plant. One coat of paint had been applied to the ceiling and walls of the main room, and appellant had been engaged for two days, together with other painters, in applying the second coat. While painting the ceiling above the main driving shaft, which extended lengthwise of the laundry, and while reaching over and about a foot beyond the driving shaft, the sleeve of appellant's jumper was caught by the protruding set-screw. It appears that the main shaft from which the set-screw protruded was about one foot, or perhaps a little more, below the ceiling of the laundry, and was held

in place by hangers attached to the ceiling. The set-screw held in place collars around the shaft, which prevented the shaft from slipping or moving out of place: The main shaft was of steel, about two inches in diameter, and at the time of the accident was revolving at the rate of 165 revolutions per minute.

It appears that appellant received a general warning to be careful, but there is no evidence that he was warned of the existence of the set-screw, or that he actually knew of its presence. It was shown by his cross-examination that he did not look to see whether or not there was a set-screw protruding from the shaft or the collar.

It must be conceded that appellant in this case was at least an invitee upon the premises of respondent corporation. (*Gagnon v. St. Maries L. & P. Co.,* 26 Ida. 87, 141 Pac. 88.)

In 19 Eng. Ruling Cases, p. 60, the rule relative to the duty resting upon the owner of premises who invites another to come thereon is stated as follows: "A person who invites another to come on his premises upon a business in which both are concerned is bound to take care that his premises and all appliances provided by the owner as incident to the use of his premises are safe for that other person to come upon and use them as required; or else to give due warning of any danger to be avoided. But where the stranger comes as a guest, or by a bare license, the owner of the premises is only bound to warn him of anything in the nature of a trap upon the premises." (*Indermaur v. Dames,* 19 E. R. C. 64; *Carleton v. Franconia Iron etc. Co.,* 99 Mass. 216; *Gustafsen v. Washburn etc. Mfg. Co.,* 153 Mass. 468, 27 N. E. 179; *Brosnan v. Sweetser,* 127 Ind. 1, 26 N. E. 555; *Montague v. Hanson,* 38 Mont. 384, 99 Pac. 1063.)

We are not directly concerned upon this appeal with the question as to whether or not the maintaining of the revolving shaft with the protruding unguarded set-screw was negligence upon the part of the respondent so far as its own employees were concerned. The appellant was upon the premises for the purpose of performing a certain labor, being at the time an employee of an independent contractor. The

question of negligence is directed toward the duty which respondent owed to the appellant under the circumstances.

To the allegations of negligence in the complaint, respondent interposed only general denials. Upon the pleadings in this case the allegations of negligence are admitted. But assuming that objections on account of the failure to deny specifically the allegations of the verified complaint have been waived in this case, we think that the evidence upon certain issues presented should have been submitted to the jury. Whether the respondent had been reasonably diligent to provide a safe place for the appellant to do his work, in view of the existence of the protruding set-screw, was for the jury to decide. That a set-screw protruding from a rapidly revolving shaft is dangerous to those coming in contact therewith will be conceded. The fact that certain witnesses testified that the set-screw could be plainly seen from the ground when the shaft was revolving is not conclusive that the set-screw was an obvious and open danger, of the existence of which the appellant, as a reasonably prudent person, is charged with notice. Appellant testified that he did not know of the existence of the set-screw, and we think it was a question for the jury to say as to whether or not he should have known of its existence. (*Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465.)

The question of contributory negligence would be affected by the question as to knowledge of the existence of the set-screw. There is a substantial degree of difference between the danger incident to coming in contact with a revolving smooth steel shaft, and the danger of coming in contact with such a shaft containing a protruding unguarded set-screw, where the shaft is revolving at the rate of speed as shown by the evidence in this case. It cannot be said as a matter of law that the appellant was guilty of contributory negligence in the absence of knowledge of the existence of the set-screw, or unless as a reasonably prudent person he should have known of its existence. (*Gustafsen v. Washburn etc. Mfg. Co., supra; Rollestone v. Cassirer,* 3 Ga. App. 161, 59

S. E. 442; *Columbia Box & Lumb. Co. v. Drown,* 156 Fed. 459, 84 C. C. A. 269.)

We conclude that it was error to take the case from the consideration of the jury. The judgment is reversed and a new trial granted. Costs awarded to the appellant.

Budge, C. J., and Morgan, J., concur.