ELLEN CONNELLY, administratrix, *vs.* HAMILTON WOOLEN COMPANY.

Essex.   January 16, 1895. — February 28, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Assumption of Risk — Negligence — Evidence.*

If a person who voluntarily undertakes to whitewash the walls and ceiling of a card-room in a mill while the machinery is in operation, and who has been specially cautioned to look out for the pulleys and shafting, receives injuries which cause his death by coming in contact with a revolving shaft, as a result apparently of losing his balance while at work standing upon an elevated staging, no action can be maintained, either at common law or under the employers' liability act, St. 1887, c. 270, for his injuries; and it is immaterial that there was a key way in the end of the shaft which made it more likely to catch his clothing than a plain shaft, the shaft being in the same condition when he was hurt as when he began to whitewash the room.

In an action for personal injuries occasioned to the plaintiff's intestate while in the defendant's employ, by coming in contact with a revolving shaft having a keyway in the end, the evidence of a witness called as an expert to show that a keyway in a shaft enhances the ordinary dangers of a revolving shaft is properly excluded.

TORT, for personal injuries occasioned to the plaintiff's intestate, James Connelly, resulting in his death, while employed in the defendant's mill, by the alleged negligence of the defendant. The declaration contained two counts, one under the employers' liability act, St. 1887, c. 270, and the other at common law. Trial in the Superior Court, before *Bond,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. P. Sweeney & R. E. Burke*, for the plaintiff.

*J. W. Cummings & E. A. McLaughlin*, for the defendant.

BARKER, J.   Without passing upon the question of notice, the plaintiff's exceptions must be overruled.   Upon the evidence, no cause of action is shown, either at common law or under the statute.   The plaintiff's intestate voluntarily undertook the very dangerous work of whitewashing the walls and the ceiling of a card-room, while the machinery was in operation.   The dangers to which this work exposed him were open and obvious.   He was capable of fully understanding them, and must be taken to have comprehended them.   Besides this, he had been specially cautioned to look out for the pulleys and shafting, and it was by coming in contact with a shaft, apparently as a result of losing his balance while at work standing upon an elevated wooden horse or staging, that he was caught and injured.   It is urged that there was a keyway in the end of the shaft which made it more likely to catch his clothing than a plain shaft.   But the keyway was not a defect, and the shaft was in the same condition when he was hurt as when he began to whitewash the room. The danger of being caught by contact with the shaft, whether he knew of the keyway or not, was so great and obvious, that he must have appreciated and taken upon himself the risk of being caught and injured by coming in contact with the shaft. It was not necessary that he should appreciate every particular of the danger.   *Downey* v. *Sawyer*, 157 Mass. 418, 420.   Nor does the case show that his employer failed in any respect in his duty to the deceased.   *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 160, and cases cited.

The evidence of the expert was properly excluded.*   It is a matter of common observation that a shaft in which a keyway with sharp edges is sunk is more likely to take up clothing than a plain shaft.                    *Exceptions overruled.*

---

* The questions put to the witness were as follows:

"1. With this shafting in the position it has been described here, revolving at the rate of 250 revolutions a minute, will you please state what danger would be apprehended or is to be apprehended from such a shafting?

"2. Does a keyway in a shaft enhance or appreciate the ordinary dangers of a revolving shaft, if so, how?"

The counsel for the plaintiff stated that he desired to show by this witness

that such a keyway enhances the ordinary dangers of shafting by reason of
the fact that it affords a projection, or an edge upon the shafting, which is
more likely to take up clothing than the shafting would itself.