PATRICK DONAHUE *vs.* WASHBURN AND MOEN MANUFAC-
TURING COMPANY.

Worcester. October 8, 1897. — November 24, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Assumption of Risk — Employers' Liability Act —*
*" Ways, Works, or Machinery."*

At the trial of an action for personal injuries occasioned to an employee, it appeared that his glove got caught on a coach or set screw, when he reached in his hand, in a manner not clearly explained, to cut the wire in order to take the reel of wire from the block, and that he had worked for six weeks on the machine, and for two years previously on another machine which differed only in making fewer revolutions a minute and in having a larger diameter. There was nothing to show that the plaintiff was not of full age and average understanding. *Held,* that the risk was an obvious one, and that he assumed it.

*It seems,* that a set screw which is not out of order, which is a common device for the purpose for which it is used, and which was put on in the usual manner, does not of itself constitute a defect in the " ways, works, or machinery," within the meaning of the employers' liability act, St. 1887, c. 270.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ. The declaration contained two counts, the first at common law and the second under the employers' liability act, St. 1887, c. 270. Trial in the Superior Court before *Dewey*, J., who directed the jury to return a verdict for the defendant, and, at the request of the plaintiff, reported the case for the determination of this court. The facts appear in the opinion.

*B. W. Potter*, for the plaintiff.

*F. B. Smith*, for the defendant.

MORTON, J. It is not easy to understand from the exceptions the precise manner in which the accident occurred. The plaintiff testified that his glove got caught on the coach or set screw when he reached his hand in to cut the wire for the purpose of taking the reel of wire from the block. How he reached his hand in is not clear. But he had worked for six weeks on the machine on which he was injured, and for two years before that on a similar machine, which only differed from the one in question in making eighteen or twenty revolutions instead of thirty or thirty-two a minute, and in being twenty-two inches in diameter instead of sixteen. There was a coach or set screw on that like the one which caught the plaintiff's glove on the machine on which he was hurt. The work done on both machines was the same, that of reeling wire, and the operation of them was the same, and the only difference between the two was, as already stated, that the one on which the plaintiff was injured revolved a little faster and was a little smaller than the other. There is nothing to show that the plaintiff was not of full age and of average understanding. And we think that, taking his experience into account, the risk must be held to have been an obvious one, and that he assumed it. *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261, 267. *Hale* v. *Cheney*, 159 Mass. 268. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153. *Connelly* v. *Hamilton Woolen Co.* 163 Mass. 156. There was nothing out of order about the set screw. It was a common device for the purpose for which it was used, and was put on in the usual manner, and did not of itself constitute a defect in the ways, works, or machinery. *Goodnow* v. *Walpole Emery Mills*, and *Rooney* v. *Sewall & Day Cordage Co.*, *ubi supra*.

We do not mean to say that a set screw might not be so used as to constitute a defect. The defendant has not argued that there was any negligence on the part of the foreman, and we think that the evidence does not show any. In the opinion of a majority of the court, there should be judgment on the verdict.

*So ordered.*