DANIEL D. FORD *vs.* MOUNT TOM SULPHITE PULP COMPANY.

Hampshire.    January 10, 11, 1899. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Master and Servant — Dangerous Machine — Action — Evidence.*

A workman, who was on a platform three feet lower than a revolving shaft, which was about thirteen feet from the floor, trying to throw a belt off a pulley at the end of it, on the other side of the bearing and one foot distant from a set screw fastening a collar near the end of the shaft, was caught by the screw and injured. The screw had been put in since the beginning of his employment, and, although he had charge of the machinery in the room and oiled the shaft and bearing, he never had seen this screw. There were other similar screws in the place, and there was not much light. *Held,* that he could not maintain an action against his employer for his injury, either at common law or under the employers' liability act, St. 1887, c. 270.

In an action for personal injuries caused by being caught by a set screw fastening a collar near the end of a revolving shaft, the question "whether or not it is customary in factories to have a collar with a projecting set screw placed near a pulley, where it is necessary for a person to go frequently to do something with reference to putting on a belt," is properly excluded.

TORT, for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. The declaration contained a count under the employers' liability act, St. 1887, c. 270, and a count at common law. Trial in the Superior Court, before *Dewey,* J., who directed the jury to return a verdict for the defendant; and, at the plaintiff's request, reported the case for the determination of this court. If the ruling was right, judgment was to be entered for the defendant; otherwise, the verdict was to be set aside, and a new trial granted. The facts appear in the opinion.

*J. B. O'Donnell*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendant.

HOLMES, J.  This is an action by one of the defendant's workmen, brought under the statute and at common law, for personal injuries caused by being caught by a set screw fastening a collar near the end of a revolving shaft.  According to the evidence for the plaintiff, the set screw had been put in since the beginning of his employment, and, although he had charge of the machinery in the room and oiled the shaft and bearing, he never had seen this screw.  It seems not to have been disputed that there were other similar set screws in the place.  The shaft referred to was about thirteen feet from the floor, and at the time of the accident the plaintiff was on a platform three feet lower than the shaft, trying to throw a belt off a pulley at the end of it, on the other side of the bearing and one foot distant from the set screw.  There was not much light.  The presiding judge took the case from the jury, and it is here on report.

We are of opinion that the ruling was right, and that the case cannot be distinguished satisfactorily from the numerous other cases in this Commonwealth already decided concerning set screws.  *Donahue* v. *Washburn & Moen Manuf. Co.* 169 Mass. 574, and cases cited.  This case shows that a few years ago a set screw was a common device.  There is no evidence that it has ceased to be one.  In *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261, 267, a case very like the present, it was said that " there was no danger which, in view of the plaintiff's knowledge and capacity, must not have been well understood by and apparent to him, and there was therefore no negligence on the part of the defendant in exposing him to it."  See also *Hale* v. *Cheney*, 159 Mass. 268, 271.  In *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, it was held that an employer did not need to warn an adult workman of the presence and dangers of a set screw when employing him.  As has been said or implied in other cases, where the danger is obvious and great, as in the case of a revolving shaft, it is not necessary to give warning of elements which merely enhance the risk.  *Carey* v. *Boston & Maine Railroad*, 158 Mass. 228, 231.  See also *Keats* v. *National Heeling Machine Co.* 65 Fed. Rep. 940.  The same considerations apply to the subsequent introduction of a set

screw when, as here, there is no pretence that the plaintiff remembered the alleged previous condition of the shaft and was acting in reliance upon his former observation, and when, further, it was the plaintiff's especial business to take charge of the machinery, and therefore to inform himself of its construction.

The question "whether or not it is customary in factories to have a collar with a projecting set screw placed near a pulley, where it is necessary for a person to go frequently to do something with reference to putting on a belt," etc., was properly excluded. See *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 161. The question in this highly specific form, supposing it to admit of an honest answer, must have been intended to furnish a pattern upon which the jury were to model the defendant's duty, and it was at least within the discretion of the judge to exclude evidence directed to that point. It would have been admissible, no doubt, to show that set screws were going out of use, and no longer were to be expected or looked out for without special warning. But that was not what the evidence meant.

*Judgment for the defendant.*