LEONARD M. ARCHIBALD *vs.* CYGOLF SHOE COMPANY.

Plymouth.     March 4, 1904. — June 23, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

If a foreman in a shoe factory accustomed to machinery is sent to clear and fit for occupancy an additional room recently hired by the proprietor of the factory and understands that the machinery there is not new, and if, after working off and on in this room for ten days, his sleeve is caught by a set screw in a revolving shaft while he is doing some whitewashing near it, he cannot recover from his employer for injuries thus caused, there being no negligence on the part of the employer in exposing him to a danger so well understood and apparent, even if set screws are no longer a common device and their use in other establishments has ceased.

TORT by a foreman of the treeing and dressing room of the defendant's shoe factory at Brockton for injuries caused by the plaintiff's sleeve being caught by a set screw in a revolving shaft while he was doing some whitewashing near it. Writ dated January 9, 1903.

At the trial in the Superior Court *Harris,* J., at the close of the evidence, ordered a verdict for the defendant, and at the request of the plaintiff reported the case for determination by this court. If the ruling was right judgment was to be entered on the verdict. If it was wrong the case was to stand for trial.

*R. W. Nutter,* for the plaintiff.

*F. M. Bixby,* for the defendant.

HAMMOND, J. In several cases it has been held by this court that an action would not lie for an injury received from a revolving set screw. *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544, and cases cited. *Demers* v. *Marshall,* 178 Mass. 9, and cases cited. The plaintiff attempts to distinguish this case from many of the previous cases upon the ground that, while in those cases it appeared that the set screw was a common and well known device, in the present case there was evidence tending to show that it had ceased to be used and that a safer device had been substituted.

But while the fact that the screw was a common device has

been regarded as an important element, still under the circumstances of this case we think the defendant not liable even if the use of such a screw in other establishments had ceased.  The plaintiff was a man of maturity and had contracted to work and had been at work many years in the building in rooms where machinery was in operation.  In December, 1901, the defendant company, which had occupied for several years a certain portion of the building, hired an additional room, and upon January 1, 1902, the plaintiff, who had been working for the defendant in the other rooms, went to work to clear up and fit this room for occupancy.  He "worked around there off and on" until the accident, which occurred on the eleventh day of the same month. It is plain that the plaintiff understood that he was in a building where the machinery was not new, that he understood and appreciated generally the danger of revolving machinery, or that at any rate the defendant had a right to suppose that he did. He could have seen the set screw in motion.  There was no danger which in view of the plaintiff's knowledge and capacity must not have been well understood by and apparent to him, and there was therefore no negligence on the part of the defendant in exposing him to it.  See *Goodnow* v. *Walpole Emery Mills*, 146 Mass. 261.

It follows that in accordance with the terms of the report there must be

*Judgment on the verdict for the defendant.*