ANDREA DE ANGELO *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 15, 1911. — May 18, 1911.

President: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

A man of full age in the employ of a corporation, who in obedience to an order of
a superintendent is cleaning a pump in the boiler room of a power house, while
the wheels of the machine are in motion, with a piece of cotton waste which has
been given him for the purpose, assumes the obvious risk of an injury from
the cotton waste, and with it his hand, being drawn in between a large cog-wheel
and an iron guard by the wind created by the motion of the wheel, and his
employer is under no duty to warn him of such a danger.

TORT for personal injuries alleged to have been sustained by
the plaintiff on December 1, 1906, when he was in the employ of
the defendant and in obedience to an order of a superintendent
of the defendant was cleaning a pump in the boiler room of a
power house of the defendant in Boston, while the machine was
in motion. The declaration contained four counts, but the
plaintiff elected to rely upon the first and third counts, the first,
at common law, alleging a failure to give the plaintiff proper in-
structions and to warn him of dangers not known to or appre-
ciated by him, and the third under R. L. c. 106, § 71, cl. 2,
alleging negligence of a superintendent. Writ dated March 12,
1907.

In the Superior Court the case was tried before *Brown,* J.
The plaintiff testified, among other things, that he was an Italian
thirty-one years of age; that on the day before the accident he
had been working for the defendant on a coal barge at the defend-
ant's Lincoln power station shovelling coal; that he had been
five or six months in the United States before the accident;
that in Italy he was a farmer; that after coming to this coun-
try and before working for the defendant he had worked dig-
ging trenches for sewer pipes; that he had been working two or
three days in the coal barge at the Lincoln power station before
the accident; that on the morning of the accident he had been
working at the boat from seven to half past seven o'clock; that
after that he went to work in the station to shovel coal and

cinders and worked on that three hours; that a man named Fisher spoke to him while he was doing that work; that Fisher "did not work, but bossed;" that Fisher took him to the next room and gave him some cotton waste and told him to clean the whole machine; that Fisher did not tell him anything else; that he first cleaned away the oil around the machine; that he then took two steps up and began to clean other parts of the machine; that the machine was in motion all the time; that he never had seen the machine before and never had worked on such a machine; that he began to clean the big cog-wheel and the iron guard in front of it; that the big wheel moving around caused a wind which drew the waste in between the guard and the big cog-wheel, and thus drew in the plaintiff's fingers; that he saw the waste going in but that there was no time to let go; that he had been working five or six minutes on that part of the machine before the accident happened, and that he did not understand the danger of the wind or know that it would suck in the waste.

At the close of the plaintiff's evidence, the judge ordered a verdict for the defendant, and reported the case for determination by this court, with a stipulation of the parties that, if upon all the evidence, including such as was excluded improperly against objection and exception and excluding such as was admitted improperly against objection and exception, the judge was wrong in ordering a verdict for the defendant, judgment should be entered for the plaintiff in the sum of $1,000; otherwise, that judgment should be entered on the verdict.

*F. P. Garland*, for the plaintiff.

*W. G. Thompson*, (*F. D. Putnam* with him,) for the defendant.

HAMMOND, J. The plaintiff was given a piece of cotton waste and told to clean a large machine while the wheels were in motion. While he was doing the work, the waste was drawn in between the large wheel and an iron guard by wind caused by the revolution of the wheel, and before the plaintiff let go his left hand was drawn in and injured.

The plaintiff says he was ignorant of the danger of his hands being drawn in, and that the defendant or the superintendent who gave the order was negligent in not informing him of this danger.

The plaintiff was a man of full age. The danger of having his hand drawn in was plain and obvious and the defendant had no reason to anticipate that the plaintiff needed instructions, nor was he under any duty to give him warning. See *Chmiel* v. *Thorndike Co.* 182 Mass. 112, and cases cited.

*Judgment on the verdict.*