WILLIAM GOULDING *vs.* EASTERN BRIDGE AND
STRUCTURAL COMPANY.

Worcester.    October 2, 1911. — October 16, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Employer's liability.

A workman, whose duty it is to oil the shafting in a factory and who knows and appreciates the obvious danger of an injury caused by his clothing catching on a revolving shaft, cannot recover against his employer for an injury thus caused; and the facts that there were currents of air and a lack of light at the place where the accident occurred and that the shaft had an accumulation of rust upon it, although they enhanced the risk, do not affect the workman's assumption of it, if he was fully aware of these obvious conditions.

DeCOURCY, J. This was an action of tort to recover damages for personal injuries sustained by the plaintiff while working for the defendant near a revolving shaft. The shaft extended north and south in the peak of a building, on a level with the west eaves and seventeen feet five inches from the ground. Parallel to the shaft and about eight and one quarter inches below it were two eight inch planks, securely fastened, which served as a walk on either side of the shafting, the upper right hand corner of the westerly plank being twelve and three quarter inches from the shaft. There was a large beam twenty-five inches below but not parallel with the planks. In getting to the plank walk for the purpose of oiling the shafting the plaintiff went up a stationary ladder to the beam and climbed upon the plank, returning to the floor by the same route.

The plaintiff was eighteen and one half years of age at the time of the accident. He had worked for the defendant several months, first in the blacksmith shop helping his father as a

striker and using the drilling machines, and later in its machine shop operating a lathe. For four or five weeks before the accident one of his duties was that of oiling the shafting in different parts of the defendant's plant. He first was sent with a fellow workman, who took him through the buildings and oiled the boxes but gave him no oral instructions. After the first time the plaintiff himself oiled all the shafting in the mill. For three or four weeks he had oiled the shaft on which he was injured every Monday morning after the works were started up, and had gone to his work and come down the same way. This shaft was two inches in diameter and revolved one hundred and sixty-five times per minute. The plaintiff testified that it was red and rusty, that there was a strong draft around there, that it was neither light nor dark but one could just see what he was doing, and that he was always looking out not to get too near the shaft because he knew that if he did he might get caught.

The only witness to the accident was the plaintiff. He testified that he drew himself up to the plank walk at about ten minutes past seven after the machinery was started, and oiled the boxes along the shaft to the south end of the building; that he walked back and when a couple of feet from the first box started to come down; that he had not used any waste, but had some pushed down in his pocket, without any ends hanging out. "When I got on my knees . . . and as I was turning around to reach to put my hand on the plank, side of the belt . . . I just turned around on my right hip, and was going to put my foot down below, when I felt something pull, from the shafting; it was pulling right here (indicating the location of the right hand pocket of overalls). I don't remember what happened after that."

The action was at common law. The declaration alleged that the defendant was negligent, (1) in setting the plaintiff to work in a dangerous and unsafe place, of which danger the defendant knew and the plaintiff was ignorant; and (2) in failing to give the plaintiff reasonably safe and proper instructions. A verdict for the defendant was directed by the judge.*

This is a harsh case, but we are unable to distinguish it in

---

* *King*, J.

principle from the numerous ones already decided in this Commonwealth concerning injuries to employees caused by revolving shafting.   The danger that the plaintiff's person or clothing or the waste in his overalls pocket might come in contact with the open and visible shaft, while he was getting down from the plank walk near by, was an obvious one.   It was attendant upon the use of machinery of a permanent character as it existed when the plaintiff entered into his contract of employment.   Not only was the danger so apparent to one of his age, capacity, and experience that in the exercise of reasonable care he must be presumed to know and appreciate it, but the evidence shows that he had actual knowledge of it.   The accident was not due to any danger known to the employer and of which the workman was ignorant.   Nor had the defendant reason to anticipate that the plaintiff needed instruction or warning to avoid coming in contact with the revolving shaft.   There was no evidence to warrant a finding that the accident was caused by the failure of the defendant to perform a legal duty.   *Lemoine* v. *Aldrich,* 177 Mass. 89.   *Demers* v. *Marshall,* 178 Mass. 9.   *Daniels* v. *New England Cotton Yarn Co.* 188 Mass. 260.   *Mutter* v. *Lawrence Manuf. Co.* 195 Mass. 517.

The plaintiff seeks to take his case out of the long established rule by testimony to the effect that there were currents of air and a lack of light in the gable where the accident happened. But these conditions were obvious and the plaintiff's testimony shows that he was fully aware of them.   In this respect the case is more favorable to the defendant than such cases as *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544, *McKenna* v. *Gould Wire Cord Co.* 197 Mass. 406, and *DeAngelo* v. *Boston Elevated Railway,* 209 Mass. 58.

Nor does the accumulation of rust upon the shaft distinguish this case from many earlier ones.   It merely enhanced the risk of an obvious danger.   And unlike many of the set screw cases, the plaintiff here knew of the presence of the increased danger. *Carey* v. *Boston & Maine Railroad,* 158 Mass. 228, 231.   *Connelly* v. *Hamilton Woolen Co.* 163 Mass. 156, 157.   *Tiffaney* v. *Hathaway, Soule & Harrington,* 182 Mass. 431, 433.

There remain exceptions to the exclusion of three questions asked of the expert witness.   These might be disposed of on the

ground that it does not appear what answer would have been given, as no offer of proof was made.   But aside from this, the judge might well exclude them as not calling for any expert knowledge possessed by the witness, or on the broader ground that, so far as not matters of common knowledge, they were immaterial to the real issue in the case.   *Gilbert* v. *Guild*, 144 Mass. 601.   *Connelly* v. *Hamilton Woolen Co.* 163 Mass. 156, 157.

*Exceptions overruled.*

*M. M. Taylor*, for the plaintiff.

*C. C. Milton*, (*F. L. Riley* with him,) for the defendant.