## GEORGE C. DOW *vs.* THOMAS McHUGH & another.

Essex.   March 7, 1913. — May 20, 1913.

Present: RUGG, C. J., HAMMOND, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability.

In an action for personal injuries sustained by the plaintiff when he was at work upon a glass grinding machine in the defendant's factory, it appeared that the plaintiff was about seventeen years of age with almost no knowledge of machinery, that when the accident happened he had been in the defendant's employ between two and three days, that the plaintiff never had been back of the machine on which he worked and, although there was more or less mud about the machine at all times, he was ignorant that the floor back of the machine was covered with very slippery mud and slanted toward an uncovered revolving shaft, that the belt that supplied the power for the plaintiff's machine broke, that the defendant sent an employee to put on a new belt and ordered the plaintiff to go behind the machine to see how the other employee fixed the belt so that the plaintiff might learn how to do it, that it was a dark and rainy day and there was no light where the plaintiff was sent, that the plaintiff reached down to pull out a plug to let out water that had accumulated in a box in the side of the machine, when the shaft caught his clothing and he tried in vain to get a foothold on the slippery floor and was injured. The defendant admitted that he knew the likelihood of the plaintiff slipping toward the shaft by reason of the slant and the mud on the floor. *Held,* that, under the circumstances shown, the jury were warranted in finding that the

defendant knew or ought to have known that the peculiar dangers of the place where he sent the plaintiff were such that the plaintiff by reason of the darkness and of his youth and inexperience would fail to appreciate them, and that the defendant was negligent in exposing the plaintiff to those dangers without giving him instructions sufficient to enable him with proper care to do his work in safety.

TORT against Thomas McHugh and Michael McHugh, co-partners doing business under the name Amesbury Optical Company, for personal injuries sustained by the plaintiff on June 11, 1910, while in the employ of the defendants and at work upon a glass grinding machine in the defendants' factory, the plaintiff being about seventeen years of age and inexperienced with machinery, and the defendants being alleged to have failed in their duty to give the plaintiff proper instructions and to warn him of the dangers incident to his employment. Writ dated July 16, 1910.

In the Superior Court the case was tried before *Raymond,* J. At the close of the evidence, which is described in the opinion, the defendants asked the judge to order a verdict for them. The judge refused to do this, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,500. The defendants alleged exceptions.

The case was submitted on briefs.

*M. O. Garner,* for the defendants.

*A. W. Reddy,* for the plaintiff.

DE COURCY, J. The grinding machine on which the plaintiff worked consisted of a frame structure into which was set a large water-tight box about four feet square and eighteen inches deep. Above this box was erected a horizontal steel disk two feet in diameter, which was connected with an upright shaft that passed down through the box to certain framework below. Arranged over the disk was a hopper from which sand and water trickled upon the revolving disk in the process of grinding the glass. Close to the left side of the machine there stood another water-tight box about four feet long and two and one half feet wide, one end of which was seventeen and one half inches from the main driving shaft; and in that end was a hole through which, upon the removal of a plug, the accumulated water, mud and ground glass were allowed to escape to the floor.

The grinding machines were arranged in a row on one side of the room and the back of each machine was about three feet dis-

tant from the wall. Midway in this three-foot space and about fifteen inches above the floor, ran the exposed and unguarded main shaft from which power was transmitted to each machine by means of a belt and pulleys. The slightly elevated platform on which the machines rested was constructed so that the floor declined towards the driving shaft, and immediately under the shaft the floor again slanted so as to form a gutter, which carried off the water and soft mud that flowed to it from the box.

In the operation of the grinding machine mud and ground glass were produced, and with the water and some sand ran down into the first described box; and from this all but the unground sand flowed into the box on the left of the machine. The work was of such a character that the whole place where the operators stood and elsewhere about the machines was saturated with water, and more or less mud was there at all times.

The foregoing facts were not in dispute, and there was evidence on which the jury could find the following in addition. The mud in front of the machine, where the plaintiff worked, was mixed with sand and was not slippery, but the slanting floor behind the machine, which could not be seen from the front, was more or less covered with a very slippery mud that had accumulated there during three days or more in the progress of the work. The surface of the shaft was rough, made so by rust and the accumulation of sand that adhered to it.

The plaintiff's employment began on the afternoon of Wednesday. He was almost seventeen years of age, with no knowledge of machinery except what little he had acquired in a hat shop three years before. On the following Saturday, shortly before twelve o'clock, the belt that supplied the power to his machine broke, and the defendant Michael McHugh sent one Fortin to put on a new belt, and directed the plaintiff to go behind the machine and see how Fortin fixed the belt, so as to learn how to do it. It was a dark, rainy day and there was no light where he was sent. The plaintiff never had been back of the machine and was ignorant of the fact that the floor was slippery and slanted toward the uncovered shaft. While behind the machine observing Fortin, he noticed that the box at the left side of the machine was full of water and he reached down to pull out the plug. While doing so, the shaft caught his clothing. He tried in vain to get a

foothold on the slippery floor, his clothing was wound around the shaft, and he sustained injuries that resulted in the loss of one leg and the impairment of an arm.

The jury upon the testimony and the view were warranted in finding that in performing his work in this particular place the plaintiff was exposed to dangers that were hidden or insidious. The defendant Michael McHugh admitted that he knew the likelihood of the plaintiff's slipping towards the shaft by reason of the mud and the slant of the floor. It does not appear that the plaintiff, before the accident, knew or had occasion to observe these conditions back of the machine. There was nothing in his earlier experience to acquaint him with the danger, or even to put him upon inquiry. We have not here the usual case of obvious dangers arising from a slippery floor or unguarded shaft, nor that of an experienced workman exposed to dangers which he knows or should be presumed to know as well as his employer, independently of instructions. See *Murphy* v. *American Rubber Co.* 159 Mass. 266; *Goulding* v. *Eastern Bridge & Structural Co.* 210 Mass. 52. Under the circumstances disclosed, although the case is close, the jury were warranted in finding that the defendants knew or ought to have known that the peculiar dangers of the place where they sent the plaintiff to work were such as he, by reason of the darkness and of his youth and inexperience, would fail to appreciate, and that it was a breach of duty on their part to expose him to those dangers without giving him instructions sufficient to enable him, with proper care on his own part, to do the work in safety. And on the issue of the plaintiff's due care there was sufficient evidence to support the verdict. *Crimmins* v. *Booth,* 202 Mass. 17, 25. *Bagley* v. *Wonderland Co.* 205 Mass. 238. *Halley* v. *Nashua River Paper Co.* 202 Mass. 164. *Glass* v. *Hazen Confectionery Co.* 211 Mass. 99.

*Exceptions overruled.*