JOHN J. NEAGLE *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk. November 20, 1912. — May 22, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability. *Railroad.*

If a railroad freight handler, when propelling a heavily loaded freight truck across a skid or riseboard used as a bridge between freight cars standing on parallel tracks, is injured either by the breaking of the skid or on account of its slipping by reason of the weakness of the cleating, which was done by a fellow servant, he cannot maintain an action at common law for his injuries against the railroad corporation employing him, if the adjustment of skids was left to the workmen and the railroad corporation had not failed to provide suitable skids and suitable material for cleats and enough nails and other appliances properly to fasten the skids.

Skids, used in unloading freight in a railroad freight yard as temporary bridges between freight cars standing on parallel tracks, which as they are needed are carried around from place to place in the yard and are adjusted by the freight handlers, are not a part of the ways, works or machinery of the railroad corporation within the meaning of the employers' liability act.

In an action by a freight handler, against a railroad corporation in the freight yard of which he was employed, for personal injuries sustained by reason of the breaking or slipping of a skid or riseboard used as a temporary bridge between two freight cars over which the plaintiff was propelling a heavily loaded freight truck, where it appears that in the yard such skids were adjusted and when necessary were cleated by the freight handlers, that in accordance with the custom of the yard this skid was laid by a fellow workman of the plaintiff, and that the defendant's superintendent had nothing to do with it, if there is evidence that the superintendent gave assurance to another fellow workman of the plaintiff that the skid was safe but that the plaintiff did not hear of this assurance, this does not warrant a finding that the superintendent had departed from the custom and his usual duty and had assumed the duty of seeing to it that due care was used in adjusting and cleating the skid.

TORT by a freight handler for personal injuries sustained on April 25, 1906, when the plaintiff was employed in a freight yard of the defendant, the first count of the declaration being at common law and alleging that the defendant put the plaintiff at work in a dangerous and unsafe place, the second count under the employers' liability act alleging a defect in the ways, works or machinery of the defendant, the third count also under that act

alleging negligence of a superintendent, and the fourth count at common law alleging negligence of the defendant's servants. Writ dated July 2, 1906.

In the Superior Court the case was tried before *Fessenden,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the judge ruled that the plaintiff could not recover and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was argued at the bar in November, 1912, before *Rugg,* C. J., *Hammond, Loring, Braley,* & *Sheldon,* JJ., and after was submitted on briefs to all the justices.

*J. J. Mansfield,* (*J. F. Creed* with him,) for the plaintiff.

*F. W. Knowlton,* (*S. Vaughan* with him,) for the defendant.

HAMMOND, J. The plaintiff was employed by the defendant as a freight handler, and at the time of the accident was engaged in loading freight from the freight house into cars. There were four tracks laid parallel with the house, and in carrying the freight to the cars upon the outer tracks the course of business was to use the intervening cars as a bridge. Skids, or riseboards as they are sometimes called, were placed from the house to the first car and between cars on the intervening tracks. The plaintiff was directed to assist in loading a car upon the fourth track, and while he, in obedience to the direction, was propelling with one Donovan, a fellow workman, a heavily loaded freight truck over the skid connecting the car upon the second track with the car upon the third, the skid gave way, the truck and both men were precipitated to the ground and the plaintiff was injured.

Skids commonly are used in the way above described in the freight yard of the defendant. They are made of wood, some of them are bolted with iron, and on each end is a little flat plate of iron. They vary in width from two and a half to four feet, and in length from two to six feet, and as needed they are carried around from place to place in the yard, and where necessary they are steadied by cleats to prevent them from slipping. In the present case one O'Brien, a fellow servant of the plaintiff, did the cleating. It did not appear that the plaintiff, before the accident, had any particular knowledge of this skid or of the manner in which it was cleated. It was contended by him that the skid broke, but there was at the most only a mere scintilla of evidence in

support of this contention. The evidence on the contrary is overwhelmingly in favor of the view as maintained by the defendant, that the fall was due to slipping by reason of the weakness of the cleating.

But, whichever theory be adopted, it is plain that the plaintiff had no case on the counts at common law. There was no evidence that the defendant had failed to provide suitable skids and suitable material for cleats and enough nails and other appliances properly to fasten the skids. The safety of the plaintiff was dependent on the temporary adjustment of instrumentalities in the course of the work. In such a case, the matter of this adjustment being left to the workmen, the defendant is not answerable at common law for the negligence of a fellow workman, even though he be a superintendent. *Hayes* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 182, and cases cited.

Nor can the plaintiff prevail upon the second count. These skids were not a part of the ways, works or machinery of the defendant.

There remains only the third count based upon the alleged negligence of the superintendent. On this it appeared that in accordance with the custom of the yard this skid was laid down and cleated by a freight handler, a fellow workman of the plaintiff. It does not appear that the superintendent had anything to do with it, or that he was expected to have anything to do with it. Nor does it appear that the superintendent gave to the plaintiff any assurance that the skid was safe. While there was evidence that such an assurance was given by the superintendent to one Donovan, a fellow workman of the plaintiff, still the plaintiff testified that no such assurance was given to him. On the contrary he testified that he had no talk with the superintendent on that day, nor did he testify that he heard the assurance given to Donovan. Even if the assurance was given, and even if by reason thereof the defendant might have been held answerable to Donovan acting in reliance thereon, nevertheless it is not sufficient under the circumstances of this case to warrant a finding that on this particular occasion Wilson had departed from his usual custom and usual duty and had assumed the duty of seeing to it that due care had been used for the safety of the cleating.

We see no evidence of neglect of the superintendent. Whether

the skid broke or whether it slipped, the negligence, if any there was, was that of a fellow servant by whom the skid was laid down and cleated. The case must be classed with *Hayes* v. *New York, New Haven, & Hartford Railroad, ubi supra.* It differs materially from *Murphy* v. *New York, New Haven, & Hartford Railroad,* 187 Mass. 18. In that case the skid was laid in the presence of the superintendent and in the precise manner prescribed by him, and there was evidence that this was a negligent manner. See also *Silvia* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 519.

<div align="right">

*Exceptions overruled.*