ARTHUR A. PETTINGILL *vs.* WILLIAM PORTER AND SON, INCORPORATED.

Essex.    November 7, 1914. — November 24, 1914.

Present: RUGG, C. J., HAMMOND, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* In a factory, Independent contractor.

At common law, the duty which the proprietor of a factory owes to an employee of an independent contractor at work therein is the same as that owed by him to his own employees.

The proprietor of a factory is not liable to the employee of an independent contractor at work in the factory for personal injuries resulting from such employee's clothing being caught upon a set screw on rapidly revolving shafting, where it appears that the employee was a man of mature years, that the place where he was at work was light and everything "was in plain sight there," that he knew that a convenient way of coupling shafting was by a set screw and that he "always looked out for it;" although set screws were not in common use in the locality where the defendant's factory was and the one in question could not be seen distinctly when the shafting was in motion.

TORT for personal injuries received by the plaintiff while at work in the defendant's factory in the employ of an independent contractor, as stated in the opinion. Writ dated May 5, 1911.

In the Superior Court the case was tried before *Chase,* J. The material evidence is described in the opinion.

The evidence admitted subject to the defendant's exceptions and referred to in the last paragraph of the opinion was testimony of one Angus G. McDonald, a member of the district police of the Commonwealth assigned to factory inspection who was a witness for the plaintiff. He had testified without objection that he had inspected the defendant's factory a month and twelve days before the accident, had seen the set screw in question and had called it to the attention of an employee of the defendant. Subject to exceptions by the defendant he then testified in substance that at the time of the accident to the plaintiff projecting set screws were not in common use in factories in his district; that he had seen the shafting in question in operation; that he never had timed its rate of revolution, but that, judging "from a knowledge of such things," he would say that it ran between two and three hundred revolutions a minute; that, revolving at that rate, the set screw in question would be visible from the floor under certain conditions if one were looking at it; and that, assuming that the collar and shafting and set screw head were grimy and greasy and dirty, the set screw could be seen from the floor indistinctly. "Sometimes we have to determine whether it is either a projecting set screw or whether it is dirt and grime and grease."

At the close of all the evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court with the following stipulation: "If the order directing the jury to find for the defendant is right, the verdict for the defendant shall stand and final judgment for the defendant shall be entered; otherwise judgment shall be entered for the plaintiff in the sum of $2,250, but with this exception, that the defendant does not waive any of its exceptions, and, if evidence prejudicial to the defendant has been wrongly admitted and exceptions saved, and if the Supreme Judicial Court shall rule that the case should have been submitted to the jury, then there shall be a new trial."

*H. A. Bowen,* for the plaintiff.

*E. C. Stone,* for the defendant.

CROSBY, J. The plaintiff, who was in the employ of an independent contractor, was injured, while at work in the defendant's

factory, by reason of his clothing being caught upon a revolving set screw which projected about half an inch and held in place a collar upon a line of shafting. He testified that he never had seen this shafting when not in motion, and did not know of the existence of the set screw before the accident. There was evidence to show that the set screw looked dirty and greasy and was covered with lint and oil. There was further evidence to show that when the shafting was at rest the set screw was in plain sight, if one looked at it, and that it could be seen indistinctly when the shafting was in motion.

The duty which an owner owes to the employee of an independent contractor, is the duty owed by an employer to his employee in such a case. It follows that as to the plaintiff, who was lawfully at work in the defendant's factory although he was at work for an independent contractor, the defendant owed him the same duty in relation to the permanent machinery and apparatus that it owed to its own employees.

The employee assumes all the obvious risks connected with his employment, but his contract does not contemplate the assumption of risks which are hidden and obscure. Accordingly, while the plaintiff was employed in the defendant's factory the latter was bound to warn him only of hidden dangers which the plaintiff could not reasonably have discovered and which the defendant knew or ought to have known. *Sullivan* v. *New Bedford Gas & Edison Light Co.* 190 Mass. 288. *Crimmins* v. *Booth,* 202 Mass. 17.

The question then arises whether the presence of the set screw was or was not an obvious risk. In the numerous cases of this kind which have been passed upon by this court it generally has been held that the danger arising from a set screw was an obvious one which could have been discovered upon reasonable inspection.

The plaintiff contends that the case is to be distinguished from those wherein it has been held that there could be no recovery, because the plaintiff did not know of the existence of the set screw or that it was covered with grease and dirt and so could not be distinctly seen when in motion; and also because there was evidence to show that projecting set screws were not in common use in that locality.

If we assume that the evidence appeared to show that projecting set screws were not in common use, and that this one could not be seen when in motion, still we are of opinion that upon all the evidence the defendant is not liable. *Archibald* v. *Cygolf Shoe Co.* 186 Mass. 213. *Ford* v. *Mount Tom Sulphite Pulp Co.* 172 Mass. 544. *McKenna* v. *Gould Wire Cord Co.* 197 Mass. 406. Even if such a screw is not in common use in factories in the locality, yet its use was not unlawful and the defendant owed no duty to change the permanent equipment or kind of machinery in the factory then regularly and permanently used by it. *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153.

While the evidence in the case at bar differs somewhat from that in previous cases, still we do not think it can be distinguished in principle. The plaintiff was a man of mature age and testified that the place where he was at work was light, and that if he had looked everything was in plain sight there; that he "had worked around shafting for six years and worked around it when it was going and had seen shafting work;" that he knew that couplings must be connected with the shafting, and that "a familiar, easy way of doing it would be to have a set screw there;" and although he received no warning about the shafting he testified that "We always looked out for it. Always looked out for the shafting. . . . We always use our own caution, — if it was anything near a pulley we always looked out for it." While there was evidence to show that there was dirt, grease and oil on the set screw by reason of which it could not be seen distinctly when in motion, yet it is common knowledge that shafting and pulleys and their attachments, including set screws, necessarily must be more or less covered with dirt and oil when in use, and that such a condition is manifestly unavoidable. As was said by Knowlton, J., in *Rooney* v. *Sewall & Day Cordage Co.* 161 Mass. 153, 160: "Although the plaintiff says he did not know of the set screw, his testimony shows that he was well aware of the danger from the moving pulleys, belt, and shaft. . . . He was more than forty years of age, and had had considerable experience. There is nothing in the case to indicate that he needed any warning of the danger from coming in contact with this rapidly revolving machinery, whether he knew of the set screw or not. Indeed, if the defendant had warned him, he would merely have been told

that there was great danger of getting caught if he came in contact with that part of the machinery, and that he must use his best effort to avoid it. But it is evident that he knew all that without warning. It has been held in many similar cases that the accident was not imputable to negligence of the defendant."

If we assume that the plaintiff was in the exercise of due care, and that the evidence admitted subject to the defendant's exception was competent, it is plain that there was no evidence which would warrant a finding that the defendant was negligent. *Mutter* v. *Lawrence Manuf. Co.* 195 Mass. 517. *Kennedy* v. *Merrimack Paving Co.* 185 Mass. 442. *Demers* v. *Marshall,* 172 Mass. 548.

*Judgment for the defendant.*