HENRY L. LUMBERT *vs.* CHARLES S. GURNEY & another.

Plymouth.    October 21, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Employer's liability.

At the trial of an action of tort, for personal injuries received after the enactment of the workmen's compensation act, against the plaintiff's employer, who was not a subscriber within the provisions of that act, there was evidence that the plaintiff was employed to assist in the building of a dory; that before setting up a frame upon which it was to be built he had swept the floor with a broom; that "it was generally hard to find a broom," and that there was a floor scraper provided for use; that it took a day to set up the frame and screw it to the floor; that the screws were taken by the plaintiff and a fellow workman from a box as needed; that after working two more days in the building of the dory "a bushel of shavings" had accumulated on the floor, and that the plaintiff, in kneeling in his work, knelt on a screw head loose upon the floor and was injured. There was no evidence tending to show how the screw came to be upon the floor or in regard to the length of time it had been there. *Held,* that there was no evidence to justify a finding that the defendant should have foreseen that harm of some kind was likely to come to one of his workmen from the remaining of the rubbish on the floor, or to warrant a finding for the plaintiff.

TORT for personal injuries received by the plaintiff in the manner described in the opinion on March 7, 1913, while in the employ of the defendant. Writ dated January 19, 1914.

In the Superior Court the case was tried before *Morton,* J. At the close of the plaintiff's evidence, the material portions of which are described in the opinion, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. S. Lincoln & S. A. G. Cox,* for the plaintiff.

*S. B. McLeod,* for the defendants, was not called upon.

PIERCE, J. The testimony warranted a jury in finding the following facts: Preparatory to the construction of a dory which was to be built for and upon the premises of the defendants, the plaintiff procured a broom which was upon the premises and cleaned the floor at the place where the frames for the dory were to be set up. "Everyone swept up for himself, and had to find a broom if he wanted to clean up." "Generally those who were working cleaned up when they got through. It was generally hard to find a broom." There was a scraper to use. The frames were furnished all sawed to shape, and it took a day to set them up and screw them to the floor. The screws were taken from a box as needed by the plaintiff and his fellow workman, Cole.

Following the setting up of the frame the plaintiff and Cole were engaged for two days in putting on the bottom of the dory, adjusting the stem and planking the sides. In the prosecution of the work the several parts had to be "bevelled to a true fit" as the boat was built. Waste chips and shavings fell to the floor about the dory as the work went on, and at the time of the accident "There was a bushel of shavings on the floor . . . and more on the bench." A portion of the plaintiff's work required him to kneel, and as he knelt his knee came upon a screw head loose upon the floor, but beneath the shavings.

In answer to the question, "Have you any idea how it could have gotten there?" the plaintiff said, "I have not. I suppose that we put it there every day out of the boxes after we put the frames down."

The defendants were not subscribers under the provisions of the St. of 1911, c. 751, and the amendments thereto; and the only question before the jury was whether the defendants "carelessly and negligently failed in their duty to inspect," or failed "to provide safe and suitable ways, works, and machinery and to maintain them in safe condition," or, as more specifically stated in the plaintiff's brief, whether there was negligence in the failure "to provide an adequate supply of brooms whereby the rubbish could have been removed daily."

It appears that the plaintiff and his associate workman had the duty of cleaning the floor before beginning work and after the task

was finished.  The master provided a broom of a kind which served the plaintiff to clean the floor at the beginning, and there is no testimony to show that it was not available for use in removing the chips, shavings and rubbish as they accumulated during the three days that marked the progress of the work.  Moreover it is not disputed that there was also a scraper provided for such purpose.

There was nothing in the work to be done or in the manner of doing it that made it dangerous to pass about when the frames of the dory became hindered by the accumulations.  Those who worked upon the dory did not suspect the presence of the screw underneath the shavings, nor, outside the realm of pure speculation, is there anything to indicate how the screw got there, or the length of time it had been there.

The duty to keep the passage clear is measured by the obligation to provide a reasonably safe place in which to work.  There is nothing in the testimony to justify a finding that the defendant should have foreseen that harm of some kind would or was likely to come to the plaintiff, or to his associate, should the rubbish be suffered to remain on the floor.  So far as appears the danger presented by the presence of the screw beneath the shavings was momentary, and the case falls within the class of decisions of which *McCann* v. *Kennedy,* 167 Mass. 23, is an illustration, and is not within the class represented by *Young* v. *Snell,* 200 Mass. 242.

*Exceptions overruled.*