RICHARD W. CUTCLIFFE *vs.* HARRY D. McINTOSH COMPANY.
HENRY WOOD *vs.* SAME.
RICHARD W. CUTCLIFFE *vs.* GEORGE G. HALL.
HENRY WOOD *vs.* SAME.

Suffolk.   March 18, 19, 1918. — May 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability, Defective staging, Of one owning or controlling real estate.

At the trial of an action by an employee against his employer to recover for personal injuries caused by the breaking of a board on a staging upon which the plaintiff was working for the defendant who under contract with the person in control of a building was repairing a ceiling in the building, there was evidence that the defendant had furnished suitable materials for a staging to be used by his employees, that, at the invitation of an employee of the person in control of the building, the defendant had adopted for use a staging already erected, that at that time the staging was in proper condition, that later an employee of the person in control of the building laid an additional plank upon the staging, which was the plank which broke and as to the purpose of which the evidence was conflicting. There was no evidence that the defendant knew about this plank being so placed. This plank was defective and, when the plaintiff stepped upon it, it broke and he was injured. *Held,* that the evidence would not warrant a finding of negligence of the defendant.

The plaintiff in the action above described also brought an action against the person in control of the building for the same injuries, at the trial of which there was evidence tending to show that a carpenter in the defendant's employ had built the staging, that the defendant had offered it to the plaintiff's employer

for use in the work he had to do, that the offer had been accepted and that at that time the staging was adequate and not defective. There was no evidence that the board which broke was placed on the staging by the defendant or by any one for him to be used as a part of the staging. *Held,* that a finding for the plaintiff would not be warranted.

There was further evidence in the action above described that an employee of the defendant assured the plaintiff that the staging was safe. There was no evidence that he had authority so to do. It also appeared that at that time the staging was safe. *Held,* that these additional facts did not warrant a finding for the plaintiff.

TWO ACTIONS OF TORT for personal injuries received by the plaintiffs while in the employ of the defendant Harry D. McIntosh Company on February 19, 1912, (before the workmen's compensation act took effect) with a declaration, as amended, containing a count at common law and a count under the employers' liability act. Writs dated May 29 and July 12, 1912, respectively; also

TWO ACTIONS OF TORT, originally against Anthony D. Hall, George R. Hall, Frank G. Hall and George Gardner Hall, but before trial discontinued against all the defendants excepting George Gardner Hall, by the same employees of the defendant in the actions above described, for the same injuries, the declarations alleging that the injuries resulted from negligence of the defendant or his employees in directing the plaintiffs, while working for their employer in repairing a ceiling in the Adams House for the defendant, to go upon and use a defective staging, which broke. Writs dated December 19, 1912, and August 17, 1914, respectively.

In the Superior Court the four cases were tried together before *Bell,* J. The material evidence is described in the opinion.

At the close of the plaintiffs' evidence, the defendant Harry D. McIntosh Company rested, and no further evidence was admitted as bearing on the first two cases. At the close of all the evidence the judge on motion of that defendant ordered a verdict for it; and the plaintiffs alleged exceptions.

At the close of all the evidence the judge denied a motion of the defendant Hall that a verdict be ordered for him. The jury found for the plaintiff Cutcliffe against the defendant Hall in the sum of $5,000; and for the plaintiff Wood against the defendant Hall in the sum of $3,600. The defendant Hall alleged exceptions.

*E. C. Stone,* for the defendant Hall.

*W. I. Badger, Jr.,* (*L. C. Doyle* with him,) for the defendant Harry D. McIntosh Company.

*J. M. Hoy,* for the plaintiffs.

CARROLL, J.   These actions are to recover for personal injuries sustained by the plaintiffs by falling from a staging on which they were working in the billiard room of the Adams House, Boston. The cases will be considered together.   The defendants are the Harry D. McIntosh Company, the plaintiffs' employer, and George G. Hall, proprietor of the Adams House.

It was necessary to repair a portion of the ceiling, and the house carpenter, one Vatcher, in the employ of Hall, built a staging about five feet high above the floor of the billiard room.   It rested on six uprights, five feet apart, to which the ledger-boards, of spruce timbers about one and one eighth inches in thickness, were nailed.   The staging covered a space eight feet wide and thirty feet long; the planks of which the floor of the staging was constructed were not nailed.   The plaintiffs were injured Monday, February 19, 1912.   On the Friday or Saturday preceding, Harry D. McIntosh (a member of the firm of Harry D. McIntosh Company) who was in the Adams House examining the work to be done, was asked by Hall if he wanted the staging to remain, and replied that he did.   At that time loose planks two or three inches in thickness made up the floor of the staging; "there were no boards on there, . . . nothing but the three planks on the staging, two or three inch plank."   On Monday while the men were at work, McIntosh found the same conditions.   When the plaintiffs went to work they took additional planks, by order of their superintendent. About one o'clock in the afternoon they were injured by stepping on a pine board seven eighths of an inch thick, eight or ten inches wide and six or seven feet long, which broke.   It was described by one witness as full of " cricks, cracks of air;" it was cross grained; and the break was where there was a knot.   The plaintiffs contended that the pine board which broke was a part of the floor of the staging, while the defendants insisted that it was not a part of the floor nor intended for that purpose, but was a board called a "furring board," to be cut up and used for furring, to which the wire laths, were to be nailed.   Powell, the carpenter assisting Vatcher, was on the staging and was using the board, — having

laid it down a short time before the plaintiffs stepped on it, — it was upon the staging solely for his convenience, so that he would not have to descend from the staging when it was necessary to cut it. There was evidence that the broken board was not suitable for a staging floor and was not safe for men to stand on. The judge ordered a verdict for the defendant in the case against the Harry D. McIntosh Company, and the jury found for both plaintiffs against Hall.

The verdict was directed properly for the Harry D. McIntosh Company. Both plaintiffs were experienced workmen and had extensive skill in building stagings of all kinds. They knew Powell was working with them; and they testified they relied on the assurance of the house carpenter that the staging was safe, and not upon anything said or done by their employer or superintendent. Although the employer intended that the men should use this staging, and knew they were in fact using it, nothing was said to them by any one representing the Harry D. McIntosh Company. They were told to take the necessary material with them for constructing their own staging, and no question is raised but that ample and proper material was supplied them. Their invitation to use the staging came from Vatcher, and they testified that they relied on his assurance that it was safe.

On the morning of the accident when the plaintiffs were using the staging, their employer saw it, and the defective board was not a part of it; it was then in a safe and proper condition. There was nothing to contradict this evidence; and there is nothing to show that the Harry D. McIntosh Company had any knowledge of this pine board or in any way adopted it for the use of its employees. If the staging became defective because this board formed a part of it, this did not happen through the negligence of any one for whom the Harry D. McIntosh Company was responsible. See, in this connection, *Noonan* v. *Foley*, 217 Mass. 566; *Neagle* v. *New York, New Haven, & Hartford Railroad*, 214 Mass. 472; *Colton* v. *Richards*, 123 Mass. 484.

In the case against Hall it appeared that on the Saturday before the accident he assented to the use of the staging by the Harry D. McIntosh Company. At that time, according to all the evidence, the staging was in perfect repair: its flooring was made of safe material, the planks were proper for that purpose, and the pine

board which broke did not form a part of it. If Hall was responsible he was responsible for the condition of the staging as it then was. He did not undertake to supply a new or additional staging or to do anything more than supply the existing one. He did not agree to take upon himself the duty of furnishing a suitable place for the employees of the Harry D. McIntosh Company to do their work in, as in *Hall* v. *Bates*, 216 Mass. 140. Assuming that Hall, as the owner of the premises, owed to the employees of the Harry D. McIntosh Company the same duty their employer owed them, even then he is not shown to have been negligent. The staging he furnished was in good repair; there was nothing dangerous about it, and no duty rested upon him to warn the plaintiffs who were experienced men. *Pettingill* v. *William Porter & Sons, Inc.* 219 Mass. 347, 349. When the plaintiffs began work, the defective board comprised no part of the staging.

The plaintiffs contend that Hall is liable for the negligence of Vatcher in assuring the plaintiffs that the staging was safe and in ordering them to use it. He is not shown to have any authority to assure the plaintiffs that it was safe, or to excuse them from making such inspection as was necessary for their own safety. Again, at the time they were directed to use the staging it was safe and was in no part defective. The only part complained of is the loose pine board which was not used by the defendant Hall, nor intended by him to be used as a part of the staging; if the plaintiffs believed this pine board was a part of the floor, and the jury could find it was a part of the staging, this did not result from the negligence of Hall who neither knew nor contemplated its use for such purpose.

If this board was left on the floor by Powell, and assuming that the defendant would be responsible for his negligence, it was a mere transitory risk, — one of 'the incidents of the employment where workmen employed by different contractors are using the same staging. *McCann* v. *Kennedy*, 167 Mass. 23. *Lumbert* v. *Gurney*, 222 Mass. 235, 237.

It follows that in the case of Wood and Cutcliffe against the Harry D. McIntosh Company the exceptions are overruled; in the cases of Wood against Hall and Cutcliffe against Hall, the defendant's exceptions are sustained, and judgment is to be entered for this defendant. St. 1909, c. 236.

*So ordered.*